1  FRANK J. LIZARRAGA, JR. (SBN 128689)
   JUSTIN M. CRANE (SBN 251107)
2  **LIZARRAGA LAW FIRM, APC**
   3270 Inland Empire Blvd., Suite 120
3  Ontario, California 91764
   Telephone: (909) 983-9393
4  Facsimile:  (909) 391-6762
   Email: flizarraga@lizarragalaw.com
5         jcrane@lizarragalaw.com

6  Attorney for Defendant, REGAL ASSETS, LLC
   And Defendant TYLER GALLAGHER
7

8              **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA, ROYBAL**

10

| | |
|---|---|
| **AMERICAN BULLION, INC.** | **CASE NO.: 2:13-cv-07883-MMM-AJW** |
| **Plaintiff,** | **NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH AND SEVENTH CLAIMS OF THE COMPLAINT, BY DEFENDANT REGAL ASSETS, LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| **REGAL ASSETS, LLC; Tyler Gallagher, and individual; Kelly Felix, and individual; and Does 1-10, inclusive.** | |
| **Defendant.** | **Date:  June 2, 2014**<br>**Time: 10:00 AM**<br>**Ctrm: United States Courthouse**<br>    **312 North Spring Street, Ctrm 3**<br>    **Los Angeles, CA 90012** |
| | **Honorable Dean D. Pregerson** |

PLEASE TAKE NOTICE that on June 2, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled court located at the United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, the Honorable Dean D. Pregerson presiding, defendant Regal Assets, LLC (hereinafter,

"Regal") and defendant Tyler Gallagher (hereinafter, "Gallagher")(collectively referred to as "Defendants"), will, and hereby does, move this Court to dismiss the Complaint of plaintiff American Bullion, Inc. (hereinafter, "Plaintiff").

This Motion is brought pursuant to Rule 12(b)(6) on the grounds that the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Claims are subject to dismissal because Plaintiff's pleadings fail to state a claim upon which relief may be granted.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings, records and files in this action, and such other evidence and argument as may be presented at the time of hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place by way of written correspondence on March 27, 2014 and April 1, 2014, attached as Exhibit "1" and Exhibit "2," respectively.

Dated: April 3, 2014          **LIZARRAGA LAW FIRM, APC**

By:_____/s/_____
    FRANK J. LIZARRAGA, JR.
    JUSTIN M. CRANE
    Attorneys for Defendants,
    Regal Assets, LLC and Tyler Gallagher

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND IN THE COMPLAINT

Plaintiff brings this action against Defendant alleging seven claims: (1) False or Misleading Advertising, (2) False or Misleading Advertising, (3) Unfair Competition, (4) Unfair Business Practices, (5) Trade Libel, (6) Defamation, and (Intentional Interference with Prospective Economic Advantage. Plaintiff has failed to sufficiently plead each cause of action. Accordingly, the Court must dismiss the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Claims with prejudice.

## II. ARGUMENT

### A. STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). While the court must accept all well-pleaded facts as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). "Courts should not 'unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.' " *Doe v. Nestle, S.A.*, 2010 WL 3969615, at *1 (CD. Cal. Sept. 8, 2010) (*quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Moreover, threadbare recitals of the elements of a cause of action do not suffice. *See Iqbal*, 129 S.Ct. at 1949.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, if accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will be

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

dismissed if the allegations in the complaint do not nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  A claim has facial "plausibility" only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). If a complaint pleads facts "merely consistent with" a theory of liability, it falls short of "the line between possibility and plausibility." *Id*. (*quoting Twombly*, 550 U.S. at 557). In other words, factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8 of the Federal Rules of Civil Procedure, and thus cannot survive a motion to dismiss. *Id*. at 1950.

**B.    PLAINTIFF'S CLAIMS FAIL TO STATE A CLAIM ON ITS FIRST AND SECOND CLAIMS FOR FALSE OR MISLEADING ADVERTISING**

Plaintiff can prove no set of facts that would entitle it to relief for false or misleading advertising under the Lanham Act. 15 U.S.C. § 1125(a) provides:

> "(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> "(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> "(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> "shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

Initially, to make any claim under the Lanham Act, "a plaintiff need not show that its mark is registered, but must establish that its mark is (1) either inherently distinctive or has acquired secondary meaning; (2) is not merely functional; and (3) is likely to be confused with defendant's mark." *Three Blind Mice Designs Co., Inc. v. Cyrk, Inc*. (D. Mass. 1995) 892 F.Supp. 303, 310.  Plaintiff certainly does not assert that the mark is

registered. Moreover, Plaintiff points to some confusion between "American Bullion, Inc." and "American Bullion Exchange" in ¶30 of the Complaint. Therefore, it cannot show that the mark is inherently distinctive.

Further, 11 U.S.C. § 1125(a) provides "two distinct causes of action: false designation of origin or source, known as 'product infringement,' and false description or representation, known as 'false advertising.'" *Resource Developers, Inc. v. Statue of Liberty-Ellis Island Foundation, Inc.* (2d Cir. 1991) 926 F.2d 134, 139. Plaintiff's have fashioned Claim I as "false or misleading advertising."

Federal Courts has enumerated certain factors in regards to the "commercial advertising or promotion" requirement to a false advertising claim. *Gordon & Breach Science Publishers S.A. v. American Inst. of Physics*, 859 F.Supp. 1521, 1536 (S.D.N.Y.1994) has defined the factors as follows:

"(1) the representations must be commercial speech;

"(2) they must be made by a defendant who is in commercial competition with the plaintiff;

"(3) they must be made for the purpose of influencing consumers to buy defendant's goods or services; and

"(4) they must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry."

Assuming, *arguendo*, that Plaintiff has asserted that the speech is commercial, Plaintiff completely fails to establish any facts regarding the other three factors. The makers of the statements are identified only as "certain other Affiliate Websites." While Plaintiff asserts that Plaintiff and Defendant are competitors (Complaint at ¶1), Plaintiff makes no mention of whether it is in competition with the "certain other Affiliate Websites." Based on Plaintiff's assertions as to the statements, the statements do not appear to be for the purpose of influencing consumers to buy Defendant's products, rather to refrain from contracting with Plaintiff.

As such, the only federal question claim is insufficient and must be dismissed with prejudice. For the same reasons, Plaintiffs have not sufficiently pleaded the Second Claim

for False or Misleading Advertising.

### C. PLAINTIFF'S CLAIMS FAIL TO STATE A CLAIM ON ITS THIRD AND FOURTH CLAIMS FOR UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES, RESPECTIVELY

Counts III and IV fail to state a claim under California's common law of unfair competition and unfair business practices for the same reasons that the Complaint fails to state a claim for False or Misleading Advertising. *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) (California unfair competition claim is congruent with Lanham Act claim); *Bank of the West v. Sup. Ct.*, 2 Cal.4th 1254, 1264 (Cal. 1992) ("The common law tort of unfair competition ... require[s] a showing of competitive injury ....").

Just as communications related to an action are within the protection of the litigation privilege of *Cal. Civ. Code* § 47, such statements are equally entitled to the benefits and protections of the anti-SLAPP legislation found in *Cal. Code of Civ. Proc.* § 425.16. The unfair competition law's scope is not unlimited. When specific legislation provides a "safe harbor," plaintiffs may not use the unfair competition law to assault that harbor. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 182. A plaintiff cannot rely on the unfair competition law to pursue an action that the litigation privilege prohibits. *Rubin v. Green* (1993) 4 Cal.4th 1187, 1201; *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 182. A plaintiff cannot "plead around" a barrier by relabeling it as unfair competition statute. *Rubin v. Green* (1993) 4 Cal.4th 1187, 1201.

Moreover, the Third and Fourth Claim are mere restatements of the False or Misleading Advertising claims and are superfluous. As such, the Motion to Dismiss the Third and Fourth Claims should be granted.

### D. PLAINTIFF FAILS TO SUFFICIENTLY STATE A CLAIM ON ITS FIFTH CLAIM FOR TRADE LIBEL

Trade libel requires pleading of "an intentional disparagement of the quality of property, which results in a pecuniary damage to plaintiff; it is accomplished by false statement. *Nichols v. Great American Ins*. (1985) 169 Cal.App.3d 766, 773. The tort

encompasses false statements concerning the quality of services or the quality of the product of a business which are intended to cause that business financial harm and in fact does so. "A cause of action for trade libel ... requires (at a minimum): (1) a publication; (2) which induces others not to deal with plaintiff; and (3) special damages." *Nichols v. Great American Ins*. (1985) 169 Cal.App.3d 766 at 773

In order to constitute trade libel, a statement must be false. *Leonardini v. Shell Oil Co.* (1989) 216 Cal.App.3d 547, 572. The only relatively specific statements alleged by Plaintiff are contained with ¶37. Upon review of Plaintiff's Exhibit 4, it seems that the alleged statements are taken out of context. Plaintiff also asserts that the speaker of the statements was willfully conflating American Bullion Exchange with American Bullion. In other words, the statements are true as to American Bullion Exchange, but not true as to American Bullion. Given the similarity of the names involved, it is unclear to which company the unidentified speaker was referring.

As such, Plaintiff's Fifth Claim is uncertain and may be dismissed with prejudice.

### E. PLAINTIFF FAILS TO SUFFICIENTLY STATE A CLAIM ON ITS SIXTH CLAIM FOR DEFAMATION

California's defamation claims are codified in *Cal. Civ. Code* §§ 45-48. Section 45 states that libel is, "...a false and unprivileged publication by writing, printing, picture...which exposes any person to hatred, contempt, ridicule, or obloquy..." However, it is an essential element of defamation that the publication be of a false statement of fact rather than opinion." *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-340 (1974). The "words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint." *See Ringler Associates, Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1181 (Cal. App. 2000).

Slander is defined as a ". . . false and unprivileged publication, orally uttered, which: (1) charges any person with a crime, or with having been indicted, convicted, or punished for crime; ... (3) tends directly to injure imputing to him...that had a nature tendency to lessen its profits; ... (5) which, by nature consequences, causes actual

damage." *See Cal. Civ. Code* § 46.

"In libel and slander suits the time and place of the publication should be specifically stated in the complaint." 5 Charles A. Wright & Arthur R. Miller, Fed. Prac. And Proc.: Civil 3d, § 1309 (2004). The heightened pleading standard for defamation claims is "more stringent than that applicable to most other substantive claims because of the historically unfavored nature of this type of action, the First Amendment implications of many of these cases, and the desire to discourage what some believe to be all too frequently vexatious litigation." *Id.* "At a minimum, necessary defamation allegations must identify the time and place of publication as well as the speaker, the recipient of the statement, the substance of the statements." *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, 2006 U.S. Dist. LEXIS 96378, 9-10 (S.D. Cal. Feb. 3, 2006) (citing cases) (holding that plaintiff met these requirements, and denying motion to dismiss).

The only relatively specific statements alleged by Plaintiff are contained with ¶37. Upon review of Plaintiff's Exhibit 4, it seems that the alleged statements are taken out of context. Plaintiff also asserts that the speaker of the statements was willfully conflating American Bullion Exchange with American Bullion.

Notwithstanding the contextual issues, Plaintiff does not identify who the speaker is other than "certain other Affiliate Websites." As above, Plaintiff must be specific as to the content of the statement, when the statement was made, and who made the statement. Moreover, Plaintiff has not delineated between which Defendant, is any, made statements. Obviously, a corporation is unable to make statements on its own, but Plaintiff has made no effort to identify the speaker, as required under California law. As such, Plaintiff's Sixth Claim may be dismissed with prejudice.

**F. PLAINTIFF FAILS TO SUFFICIENTLY STATE A CLAIM ON ITS SEVENTH CLAIM FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

A party seeking to plead a cause of action for intentional interference with prospective economic advantage must show in their complaint: 1) an economic

relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; 2) the defendant's knowledge of the relationship; 3) intentional acts on the part of the defendant designed to disrupt the relationship; 4) actual disruption of the relationship; and 5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp*. (2003) 29 Ca1.4th 1134, 1153.

Plaintiff's Complaint is completely insufficient as it fails to specify any facts relating to the first, second, fourth, and fifth elements of the claim, most notably "an economic relationship between the plaintiff and some third party." Instead, Plaintiff asserts a wildly speculative statement that "American Bullion has a reasonable probability of a prospective economic relationship with future customers…"

As such, Plaintiff's Seventh Claim should be dismissed with prejudice.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court GRANT its motion and DISMISS the Complaint.

Dated: April 3, 2014                              **LIZARRAGA LAW FIRM, APC**

By:_____/s/_____
FRANK J. LIZARRAGA, JR.
JUSTIN M. CRANE
Attorneys for Defendants,
Regal Assets, LLC and Tyler Gallagher