1  FRANK J. LIZARRAGA, JR. (SBN 128689)
   JUSTIN M. CRANE (SBN 251107)
2  **LIZARRAGA LAW FIRM, APC**
   3270 Inland Empire Blvd., Suite 120
3  Ontario, California 91764
   Telephone: (909) 983-9393
4  Facsimile:  (909) 391-6762
   Email: flizarraga@lizarragalaw.com
5         jcrane@lizarragalaw.com

6  Attorney for Defendant, REGAL ASSETS, LLC
   And Defendant TYLER GALLAGHER
7

8              **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA, ROYBAL**

10
   **AMERICAN BULLION, INC.**              **CASE NO.: 2:14-cv-01873-DDP-AS**
11
              **Plaintiff,**               **REPLY MEMORANDUM IN**
12                                          **SUPPORT OF MOTION TO**
                                            **DISMISS THE FIRST, SECOND,**
13        **vs.**                           **THIRD, FOURTH, FIFTH, SIXTH**
                                            **AND SEVENTH CLAIMS OF THE**
14  **REGAL ASSETS, LLC; Tyler**            **COMPLAINT**
    **Gallagher, an individual; Kelly Felix, an**
15  **individual; and Does 1-10, inclusive.**   **Date:   June 2, 2014**
                                            **Time:  10:00 AM**
16            **Defendant.**                **Ctrm:  United States Courthouse**
                                            **      312 North Spring Street, Ctrm 3**
17                                          **      Los Angeles, CA 90012**
18
19
20                                          **Honorable Dean D. Pregerson**
21

22       Defendant Regal Assets, LLC (hereinafter, "Regal") and defendant Tyler Gallagher

23  (hereinafter, "Gallagher")(collectively referred to as "Defendants"), hereby submits its

24  Reply Memorandum in Support of Defendants' Motion to Dismiss the Complaint of

25  Plaintiff American Bullion, Inc. (hereinafter, "Plaintiff").

26              **I.     INTRODUCTION**

27       Plaintiff has failed to sufficiently plead each cause of action.  Plaintiff's Opposition

28  does nothing to correct the confusion and uncertainty contained within its Complaint.

1

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

Plaintiff instead attempts to argue that the Court should dismiss the Motion for failure to comply with Local Rule 7-3.  As discussed below, Defendant substantially complied with Rule 7-3.  Further, even if the Court does not find substantial compliance, the Court may use its discretion to consider the Motion because Plaintiff has suffered no real prejudice in having to oppose the Motion.

Plaintiff also requests $22,435 as a sanction for having to respond to a Motion that allegedly "violated" Rule 7-3 and was frivolous.  Plaintiff fails to show that the Motion was frivolous or that Defendants' actions were "willful, grossly negligent, or reckless."  Moreover, Plaintiff's request for compensation for 51 "attorney hours" as a sanction is unreasonable, excessive, and not supported by any evidence presented in Plaintiff's Declaration.

Accordingly, the Court must dismiss the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Claims with prejudice.

## II.    ARGUMENT

## A.    DEFENDANTS SUBSTANTIALLY COMPLIED WITH LOCAL RULE 7-3

It is without question that Local Rule 7-3 requires the parties to discuss the grounds of a motion prior to the filing of said motion.  As such, on March 27, 2014, Defendants sent a meet and confer letter stating that the grounds to which Defendants intended to assert were lack of subject matter jurisdiction [Rule 12(b)(1)] and failure to state a claim [Rule 12(b)(6)].  After reviewing Plaintiff's response, Defendants decided that Plaintiffs argument regarding subject matter jurisdiction was well taken, but that the Complaint still failed to state a claim.  Failure to state a claim is the ground upon which Defendants' Motion to Dismiss is based.  Defendants therefore substantially complied with the Rule 7-3 requirements.

Plaintiff requests that Defendants' Motion to Dismiss be denied on the basis that Defendants "violated" Rule 7-3.  It is well settled that the Court has discretion whether to consider a motion that did not comply with Rule 7-3.  *See Singer v. live Nation*

2

*Worldwide, Inc.* (C.D. Cal., Jan. 13, 2012, ACV 11-0427 DOC (MLGx), 2012 WL

123146, *2.  The Central District has elected to consider motions that did not comply with

Rule 7-3 when the opposing party "***suffered no real prejudice*** as a result of the late

conference."  *Reed v. Sandstone Properties, L.P.* (C.D. Cal., Apr. 2, 2013, CV 12-05021

MMM VBKX) 2013 WL 1344912, emphasis added; see also *Wilson-Condon v. Allstate*

*Indem. Co.* (C.D. Cal., Aug. 4, 2011, CV 11-05538 GAF PJWX) 2011 WL 3439272 at *1

("Nonetheless, Allstate does not appear to have suffered any prejudice from Plaintiff's

failure to meet and confer sufficiently in advance.... Thus, it appears that no prejudice will

result if the Court considers the motion to remand on the merits notwithstanding Plaintiff's

failure to comply with Local Rule 7–3"); see also *Thomas v. U.S. Foods, Inc.* (C.D. Cal.,

Nov. 14, 2012, 8:12-CV-1221-JST) 2012 WL 5634847 ("[T]he Court will consider the

merits of Plaintiff's motion. However, the Court notes the seriousness of Plaintiff's failure

to follow the Local Rules, and cautions Plaintiff to comply with Local Rule 7–3 in the

filing of any future motions").

     Defendants therefore request that the merits of the Motion be considered since

there is no showing that Plaintiff has, or will, suffer any "real prejudice" in opposing the

Motion to Dismiss.

**B.**    **PLAINTIFF'S CLAIMS FAIL TO STATE A CLAIM ON ITS FIRST AND SECOND CLAIMS FOR FALSE OR MISLEADING ADVERTISING**

     Plaintiff can prove no set of facts that would entitle it to relief for false or

misleading advertising under the Lanham Act. 15 U.S.C. § 1125(a) provides:

> "(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> "(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> "(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

3

person's goods, services, or commercial activities,

"shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

Plaintiff initially states that whether Plaintiff alleges a "mark is registered" or that its mark is "inherently distinctive" is irrelevant.  Plaintiff, without any legal authority, claims that their Complaint is for false advertising and not trademark infringement, so there is no need to plead that the mark is registered.  However, Plaintiff has brought its claim of false advertising under the Lanham Act, and as stated in Defendants' Motion, "a plaintiff need not show that its mark is registered, but must establish that its mark is (1) either inherently distinctive or has acquired secondary meaning; (2) is not merely functional; and (3) is likely to be confused with defendant's mark." *Three Blind Mice Designs Co., Inc. v. Cyrk, Inc.* (D. Mass. 1995) 892 F.Supp. 303, 310.

Plaintiff additionally spends considerable time distinguishing between for-profit and non-profit companies in response to Defendants citing *Gordon & Breach Science Publishers S.A. v. American Inst. of Physics*, 859 F.Supp. 1521.  Defendants merely cited *Gordon & Breach* for its clear definition of the factors involved in the "commercial advertising or promotion" requirement to a false advertising claim. *Id.* at 1536.

Defendants argued that Plaintiff completely fails to establish any facts regarding the other three factors.  Defendants clearly point out in its Motion that Plaintiff asserts that Plaintiff and Defendant are competitors (Complaint at ¶1).  However, Plaintiff asserts that the statements or "misleading advertisements" are made by "certain other affiliates." Plaintiff makes no mention of whether it is in competition with the "certain other Affiliate Websites."  Based on Plaintiff's assertions as to the statements, the statements do not appear to be for the purpose of influencing consumers to buy Defendant's products, rather to refrain from contracting with Plaintiff.  This simply is not sufficiently pled.

As such, the only federal question claim is insufficient and must be dismissed with prejudice.  For the same reasons, Plaintiffs have not sufficiently pleaded the Second Claim for False or Misleading Advertising.

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

4

**LIZARRAGA LAW FIRM**
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

**C.     PLAINTIFF'S CLAIMS FAIL TO STATE A CLAIM ON ITS THIRD AND FOURTH CLAIMS FOR UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES, RESPECTIVELY**

Plaintiff also misses the mark on Defendants' Motion to Dismiss Counts III and IV. In addition, Plaintiff's Opposition makes Counts III and IV much more uncertain and confusing.  Count III is titled "Unfair Competition" and Count IV is titled "Unfair Business Practice."  In both the Complaint and Plaintiff's Opposition, the alleged acts are described as both unfair and unlawful.  This uncertainty and conflation of separate legal theories has made it nearly impossible to respond to these allegations.  This alone is enough to grant Defendant's Motion to Dismiss.

*Cal. Bus. & Prof. Code* § 17200 ("the UCL") prohibits "unlawful, unfair or fraudulent business practices." "Because the statute is written in the disjunctive, it applies separately to business practices that are (1) unlawful, (2) unfair, or (3) fraudulent." *Woods v. Google, Inc*., No. 1-CV-1263, 2011 WL 3501403, at *7 (N.D. Cal. Aug. 10, 2011). "Each prong of the UCL is a separate and distinct theory of liability." *Birdsong v. Apple, Inc*., 590 F.3d 955, 959 (9th Cir. 2009).

"[A] plaintiff must plead the specific rubric under which the proscribed conduct falls"--(1) unlawful, (2) unfair, or (3) fraudulent. *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1022 (N.D. Cal. 2007). The Complaint purports to allege violations based on all three of the prongs of the UCL: (1) unlawful, (2) unfair, and (3) fraudulent business practices.  Plaintiff's allegations, however, fail to support either of these prongs of the statute.  First, the pleadings fail to identify what conduct allegedly was an unlawful business practice, what conduct allegedly was an unfair business practice, what conduct allegedly was a fraudulent business practice, and/or how any conduct violated the UCL.

Finally, Plaintiff still does not provide anything other than a wholly conclusory statement that it suffered a competitive injury. *Bank of the West v. Sup. Ct.*, 2 Cal.4th 1254, 1264

As such, the Motion to Dismiss the Third and Fourth Claims should be granted.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

**D.    PLAINTIFF FAILS TO SUFFICIENTLY STATE A CLAIM ON ITS FIFTH AND SIXTH CLAIMS FOR TRADE LIBEL AND DEFAMATION**

Trade libel requires pleading of "an intentional disparagement of the quality of property, which results in a pecuniary damage to plaintiff; it is accomplished by false statement." *Nichols v. Great American Ins*. (1985) 169 Cal.App.3d 766, 773. The tort encompasses false statements concerning the quality of services or the quality of the product of a business which are intended to cause that business financial harm and in fact does so. "A cause of action for trade libel ... requires (at a minimum): (1) a publication; (2) which induces others not to deal with plaintiff; and (3) special damages." *Nichols v. Great American Ins*. (1985) 169 Cal.App.3d 766 at 773.

A cause of action for Defamation is similar in that it involves "...a false and unprivileged publication by writing, printing, picture...which exposes any person to hatred, contempt, ridicule, or obloquy..." However, it is an essential element of defamation that the publication be of a false statement of fact rather than opinion." *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-340 (1974). Moreover, there is a heightened pleading standard that requires that "allegations must identify the time and place of publication as well as the speaker, the recipient of the statement, the substance of the statements." *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, 2006 U.S. Dist. LEXIS 96378, 9-10 (S.D. Cal. Feb. 3, 2006) (citing cases) (holding that plaintiff met these requirements, and denying motion to dismiss).

Plaintiff again "glosses over" the uncertainty of its Complaint. "Defendants have made and continue to make false statements…" Complaint at ¶¶67, 73. Plaintiff's Opposition suffers from the same deficiency in that it is failing at the most rudimentary requirement of identifying the speaker. Plaintiff must be specific as to the content of the statement, when the statement was made, and who made the statement. Moreover, Plaintiff has not delineated between which Defendant, if any, made statements. Obviously, a corporation is unable to make statements on its own, but Plaintiff has made no effort to identify the speaker, as required under California law.

6

As such, Plaintiff's Fifth and Sixth Claims are uncertain and may be dismissed with prejudice.

## E. PLAINTIFF FAILS TO SUFFICIENTLY STATE A CLAIM ON ITS SEVENTH CLAIM FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

A party seeking to plead a cause of action for intentional interference with prospective economic advantage must show in their complaint: 1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; 2) the defendant's knowledge of the relationship; 3) intentional acts on the part of the defendant designed to disrupt the relationship; 4) actual disruption of the relationship; and 5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Ca1.4th 1134, 1153.

Plaintiff's Complaint is completely insufficient as it fails to specify any facts relating to the first, second, fourth, and fifth elements of the claim, most notably "an economic relationship between the plaintiff and some third party." Plaintiff now argues that its Complaint in which it is stated that "American Bullion has lost several customers to Regal Assets, who have given as the reason for leaving 'review sites'." Complaint at ¶43. This statement is entirely speculative that the "review sites" are the same review sites complained of. Moreover, it is uncertain as to whether these lost customers were already customers or just potential customers in the context of ¶43.

As such, Plaintiff's Seventh Claim should be dismissed with prejudice.

## F. PLAINTIFF'S REQUEST FOR SANCTIONS IN THE AMOUNT OF $22,435 FOR A PURPORTED VIOLATION OF RULE 7-3 IS UNWARRANTED AND EXCESSIVE

As discussed above, Defendants substantially complied with Rule 7-3. If the Court finds that Rule 7-3 was not adequately complied with, Defendants have asked that the Court exercise its discretion to consider the Motion on its merits because Plaintiff has pointed to no "real prejudice" that it has suffered in opposing the Motion. Moreover,

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

7

Plaintiff has elicited no facts that suggest that Defendants' actions were "willful, grossly negligent, or reckless." Finally, Plaintiff has not shown that the motion is frivolous other than to make that assertion numerous times.

Further, Plaintiff declares under the penalty of perjury that it took 51 attorney-hours in which to oppose Defendants' allegedly "frivolous," nine-page Motion to Dismiss. In the supporting declarations, Plaintiff fails to make any showing that the hourly fee they are charging is the prevailing rate charged by attorneys of similar skill and experience in the relevant community. [See *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1092.] Plaintiff's legal counsel makes no assertion that their respective hourly rates are reasonable and comparable to the prevailing rate in the Los Angeles, California area. Further, Plaintiff provides no evidence that the hourly rate charged is comparable to the prevailing rate charged by attorneys of similar skill and experience. Moreover, Plaintiff fails to provide any evidence that the time spent was reasonable and necessary in opposing the Motion. In addition, Plaintiff could have simply agreed to amend its Complaint, which would make its Opposition and this Reply unnecessary.

As such, there is nothing showing that the rates asserted are reasonable and Plaintiff's request for sanctions should be denied.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court GRANT its motion and DISMISS the Complaint.

Dated: May 19, 2014                    **LIZARRAGA LAW FIRM, APC**


By:_____/s/_____
      FRANK J. LIZARRAGA, JR.
      JUSTIN M. CRANE
      Attorneys for Defendants,
      Regal Assets, LLC and Tyler Gallagher

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

8

1

## CERTIFICATE OF SERVICE BY U.S. MAIL

2

    I am over the age of 18 and not a party to the within action.  I am employed in the County of San
3
Bernardino, State of California.  My business address is Lizarraga Law Firm, APC, 3270 Inland Empire
Blvd., Suite 120, Ontario, California 91764.

4

    On **May 19, 2014**, I served the following document described as: **REPLY MEMORANDUM IN**
5
**SUPPORT OF MOTION TO DISMISS THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH**
**AND SEVENTH CLAIMS OF THE COMPLAINT,** on all interested parties in this action by placing   [
6
x ] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

7

**Seth E. Pierce**                                   *Attorneys for Plaintiff*
    *sep@msk.com*                                 *T: (310) 312-2000*
8
**Aaron M. Wais**                                 *F: (310)312-3100*
    *amw@msk.com*
9
**Naomi Straus**
    *nxs@msk.com*
10
**MITCHELL SILBERBERG & KNUPP LLP**
**11377 West Olympic Boulevard**
11
**Los Angeles, CA 90064-1683**

12

    Per C.C.P. §§1005(b), 1013a, 2015.5:

13
☒      **BY U.S. MAIL:**  I caused such envelopes to be deposited in the United States mail at
14
Ontario, California, with postage thereon fully prepaid.  I am readily familiar with the
firm's practice of collection and processing correspondence for mailing.  It is deposited
15
with the United States Postal Service each day and that practice was followed in the
ordinary course of business for the service herein attested to  (C.C.P. § 1013(a)).

16
☐      **BY ELECTRONIC MAIL [PDF]:** I caused such document(s) to be sent by electronic
17
mail as a PDF attachment to the email addresses listed on the attached service list. (per
written agreement with all counsel addressed herein.) (C.C.P. Sec. 1010.6(a)(6)).

18
☐      **BY FACSIMILE:** (C.C.P. § 1013(e)(f)). I transmitted a true copy of said document(s)
19
by facsimile machine this date from telecopier number (909) 391-6762, and no error was
reported.  said Fax transmission(s) were directed as indicated on the service list.

20
☐      **BY PERSONAL SERVICE:**  I caused such envelopes to be delivered by hand to the
21
offices of the addressees on the (attached) service list. (C.C.P. § 1011(a)(b)).

22
☒      **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this
Court, at whose direction the service was made.
23

24
    I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.  Executed on **May 19, 2014**, at Ontario, California.

25

26
                                                        _____
                                                        /s/
                                                        NANCY BELTRAN
27

28

REPLY MEMORANDUM ISO MOTION TO DISMISS (#378727)

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393