FRANK J. LIZARRAGA, JR. (SBN 128689)
JUSTIN M. CRANE (SBN 251107)
**LIZARRAGA LAW FIRM, APC**
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
Telephone: (909) 983-9393
Facsimile:  (909) 391-6762
Email: flizarraga@lizarragalaw.com
       jcrane@lizarragalaw.com

Attorney for Defendant, REGAL ASSETS, LLC
And Defendant TYLER GALLAGHER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, ROYBAL

| | |
|---|---|
| AMERICAN BULLION, INC. <br><br> **Plaintiff,** <br><br> vs. <br><br> REGAL ASSETS, LLC; Tyler Gallagher, an individual; Kelly Felix, an individual; and Does 1-10, inclusive. <br><br> **Defendant.** | CASE NO.: 2:14-cv-01873-DDP-AS <br><br> **OPPOSITION TO APPLICATION OF PLAINTIFF AMERICAN BULLION, INC. FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT KELLY FELIX** <br><br> Date: July 14, 2014 <br> Time: 8:30 AM <br> Ctrm: United States Courthouse <br>       312 North Spring Street, Ctrm 3 <br>       Los Angeles, CA 90012 <br><br> **Honorable Dean D. Pregerson** |

Defendant Regal Assets, LLC (hereinafter, "Regal") and defendant Tyler Gallagher (hereinafter, "Gallagher")(collectively referred to as "Defendants"), hereby submits this Opposition to Application of Plaintiff American Bullion, Inc. for Default Judgment and Permanent Injunction Against Defendant Kelly Felix.

## I.    INTRODUCTION

Defendants have standing to submit this Opposition on the grounds that entering a default judgment against one defendant could result in inconsistent and unsupportable

results. Further, Plaintiff has asserted that Defendant Felix is a part owner and employee of Defendant Regal Assets, and, as such, a default judgment and preliminary injunction could prejudice Defendant Regal Assets and Defendant Gallagher in the instant matter.

Initially, Plaintiff has failed to comply with Local Rule ("L.R.") 6-1 in the service of the instant Motion and the Court should disregard the Motion in its entirety. Plaintiff served the instant motion by mail 28 days instead of the required 31 days.

In addition to harming Defendant Regal Assets without the benefit of a motion against Defendant Regal Assets, Plaintiff's request for a preliminary injunction against Defendant Felix fails to meet the standards for such an extraordinary remedy.

Accordingly, the Court should deny Plaintiff's Motion.

## II. ARGUMENT

### A. DEFENDANT REGAL ASSETS AND DEFENDANT TYLER GALLAGHER HAS STANDING TO BRING THIS OPPOSITION

Plaintiff is seeking default judgment against Defendant Felix, as well as a preliminary injunction. Numerous courts have found that entering a default judgment against a Defendant should be avoided where other defendants have answered. *See Tenn. Farmers Mut. Ins. Co. v. Tim W. Smith Props.,LLC*, No. 3:11-CV-57-BRW, 2012 WL 956182 (E.D. Ark. Mar. 21, 2012) ("In a multiple-defendant case, default judgment against one defendant should be avoided if the default judgment could create 'inconsistent and unsupportable' results as to the non-defaulting defendants. In a declaratory judgment action, a court would 'normally take the Tennessee Farmers-insurer's motion to enter a default judgment against the defendant-insured under advisement and allow the co-defendant-injured party to defend the action against the insurer on the merits.'") (internal citation omitted) (quoting *Am. Std. Ins. Co. v. Rogers*, 123 F.Supp.2d 461, 466 (S.D. Ind. 2000); *Stillwater of Crown Point Homeowner's Ass'n v. Kovich*, No. 2:09-CV-157-PPS-PRC, 2010 WL 1541188, at *1 (N.D. Ind. Apr. 15, 2010) ("Because granting the motion for default judgment [against one defendant] would risk the possibility of inconsistent adjudications with respect to the remaining non-defaulting parties, Plaintiffs' motion for

default judgment is DENIED at this time."); *State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F. Supp. 958, 961–62 (S.D. Ind. 1990) ("Because of the nature of relief sought in this [declaratory judgment] case, there is the potential for logically inconsistent judgments. For example, if [the injured third party and her insurer] prevail on the merits, there will be a ruling that State Farm has a duty to indemnify [its insured] Mr. Jackson and, therefore, is liable for the judgment rendered against Mr. Jackson in state court. On the other hand, with regard to Mr. Jackson, the default judgment has the effect of declaring that State Farm holds no legal duty to Mr. Jackson pursuant to the insurance policy. Clearly, such results would be illogical. Therefore, to prevent this potential outcome, the court vacates its default judgment entered against Mr. Jackson; however, the clerk's entry of default stands. …Thus, … the court … postpones a final ruling until the merits of the case have been adjudicated as to all defendants.").

Based on the foregoing, the Court should postpone any entry of default judgment until there is a final ruling on the merits.

Moreover, the Court has not decided Defendants' Motion to Dismiss. If the Court were to order Plaintiff to amend its complaint, Defendant Felix's default is moot.

As such, Defendant Regal Assets and Defendant Gallagher request that the Court deny the instant Motion.

**B.     PLAINTIFF FAILS TO COMPLY WITH L.R. 6-1**

L.R. 6-1provides as follows:

"Notice and Service of Motion. Unless otherwise provided by rule or order of the Court, no oral motions will be recognized and every motion shall be presented by written notice of motion. The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service. ***If mailed, the notice of motion shall be served not later than thirty-one (31) days before the Motion Day designated in the notice.*** If served personally, or electronically, the notice of motion shall be served not later than twenty-eight (28) days before the Motion Day designated in the notice. The Court may order a shorter time. Unless otherwise ordered by the Court, the Clerk shall place each motion on the Motion Day calendar for the date designated in the written notice of motion."

3

OPPOSITION TO MOTION FOR DEFAULT JUDGMENT/PRELIMINARY INJUNCTION (#379205)

(Emphasis added.)

Plaintiff's provides that a copy of the instant motion was served on Defendant Felix by mail on June 16, 2014. However, 31 days before the July 14, 2014 hearing is June 13, 2014. Plaintiff mailed Notice of the instant Motion 28 days prior to the hearing date. As such, the Court should deny Plaintiff's Motion in its entirety for failing to comply with L.R. 6-1.

### C.  PLAINTIFF FAILS TO MEET THE LOFTY STANDARD FOR PRELIMINARY INJUNCTION

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.* (2008) 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249.

"A district court may grant a preliminary injunction under two sets of circumstances. In the first case, ' "a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Guzman v. Shewry* (9th Cir. 2009) 552 F.3d 941, 948 (citations omitted).

"In the second case, 'a court may grant the injunction if the plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.' " *Id.* (citation omitted). These formulations are not separate tests but opposite end points on a sliding scale measuring probability of harm and success. *Oakland Tribune, Inc. v. Chronicle Publ'g Co.* (9th Cir. 1985) 762 F.2d 1374, 1376.

However, "before a preliminary injunction is granted, at 'an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation.' The plaintiff may not rely solely on the complaint's allegations. 'Vague accusations of unfair lending and collection practices are insufficient to warrant injunctive relief.' Nor are conclusory allegations that the trustee lacked

standing to foreclose because of improper assignments or securitization sufficient to invoke injunctive relief."

Also "[r]egardless of how the test for a preliminary injunction is phrased, the moving party must demonstrate irreparable harm." *American Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir.1985). The irreparable harm must be imminent and likely to occur if no injunction issues. *Winter*, 129 S.Ct. at 375; *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674-75 (9th Cir.1988). The harm must also be linked to the wrongdoing the plaintiff alleges, not caused by other, extraneous events. *Mandrigues v. World Savings, Inc*. 2009 WL 160213, at *3-4 (N.D. Cal. 2009). Merely alleging such harm is insufficient. The moving party must demonstrate immediate threatened injury through the introduction of probative evidence. *Caribbean Marine Servs. Co.*, 844 F.2d at 674; *K-2 Ski Co. v. Head Ski Co*., 467 F.2d 1087, 1088-89 (9th Cir. 1972).

Finally, "'[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter*, 129 S.Ct. at 376 (quoting *Amoco Prod. Co. v. Gambell* (1987) 480 U.S. 531, 542).

Plaintiff have not shown any chance of success on the merits in that the Complaint and instant motion is replete of conclusory allegations, which is subject to a pending Motion to Dismiss.

Moreover, Plaintiff alleges that Defendant Felix is a part owner of Defendant Regal Assets, is an employee of Defendant Regal Assets, and is acting at the request or benefit of Defendant Regal Assets. As such, Plaintiff's attempt to obtain a preliminary injunctive order against Defendant Felix could, in essence, could result in a "back door" maneuver to obtain injunctive relief against Defendant Regal Assets without the benefit of a noticed motion against Defendant Regal Assets.

As such, Plaintiff's request should be denied.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court DENY the Application of Plaintiff American Bullion, Inc. for Default Judgment and Permanent Injunction Against Defendant Kelly Felix.

Dated: June 23, 2014               **LIZARRAGA LAW FIRM, APC**

By:_____/s/Justin M. Crane_____
     FRANK J. LIZARRAGA, JR.
     JUSTIN M. CRANE
     Attorneys for Defendants,
     Regal Assets, LLC and Tyler Gallagher

# CERTIFICATE OF SERVICE BY U.S. MAIL

I am over the age of 18 and not a party to the within action. I am employed in the County of San Bernardino, State of California. My business address is Lizarraga Law Firm, APC, 3270 Inland Empire Blvd., Suite 120, Ontario, California 91764.

On **June 23, 2014**, I served the following document described as: **OPPOSITION TO APPLICATION OF PLAINTIFF AMERICAN BULLION, INC. FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT KELLY FELIX,** on all interested parties in this action by placing  [ x ] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

**Seth E. Pierce**              *Attorneys for Plaintiff*
 *sep@msk.com*              *T: (310) 312-2000*
**Aaron M. Wais**             *F: (310)312-3100*
 *amw@msk.com*
**Naomi Straus**
 *nxs@msk.com*
**MITCHELL SILBERBERG & KNUPP LLP**
**11377 West Olympic Boulevard**
**Los Angeles, CA 90064-1683**

Per C.C.P. §§1005(b), 1013a, 2015.5:

[x] **BY U.S. MAIL:** I caused such envelopes to be deposited in the United States mail at Ontario, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to  (C.C.P. § 1013(a)).

[ ] **BY ELECTRONIC MAIL [PDF]:** I caused such document(s) to be sent by electronic mail as a PDF attachment to the email addresses listed on the attached service list. (per written agreement with all counsel addressed herein.) (C.C.P. Sec. 1010.6(a)(6)).

[ ] **BY FACSIMILE:** (C.C.P. § 1013(e)(f)). I transmitted a true copy of said document(s) by facsimile machine this date from telecopier number (909) 391-6762, and no error was reported.  said Fax transmission(s) were directed as indicated on the service list.

[ ] **BY PERSONAL SERVICE:** I caused such envelopes to be delivered by hand to the offices of the addressees on the (attached) service list. (C.C.P. § 1011(a)(b)).

[x] **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **June 23, 2014**, at Ontario, California.

/s/
LAUREN ENRIQUEZ

OPPOSITION TO MOTION FOR DEFAULT JUDGMENT/PRELIMINARY INJUNCTION (#379205)