O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMERICAN BULLION, INC., | ) | Case No. CV 14-01873 DDP (ASx) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| | ) | |
| v. | ) | |
| | ) | [Dkt. 10] |
| REGAL ASSETS, LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

  Presently before the court is a Motion to Dismiss filed by Defendants Regal Assets and Tyler Gallagher (collectively, "Defendants"). (Dkt. 10.) Having considered the parties' submissions, the court denies the motion and adopts the following order.

  **I. Background**

  The parties are business competitors in the field of adding gold and other precious metals to individual retirement accounts. (Compl. ¶ 1.) They also convert existing retirement accounts into precious metals. (Id.) American Bullion, Inc. ("Plaintiff") generates business by relying on word of mouth, but also by promoting itself online. (Compl. ¶ 17.)

Plaintiff advertises its services online via third-party affiliates, who are paid for referred business. (Compl. ¶ 20.) Plaintiff alleges that Defendants Regal Assets ("Regal"), Kelly Felix ("Felix") and Tyler Gallagher ("Gallagher") have created and are operating such affiliate websites. Plaintiff identifies Felix as the part owner and Gallagher as the CEO of Regal Assets. (Id. ¶ 12.) The Complaint alleges that there is a unity of interests between Regal and the individual defendants, and that Gallagher and Felix are alter egos of Regal. (Id.) Defendant Felix has not responded or otherwise participated in this action.

Although the websites operated by Defendants purport to contain independent consumer reviews, Plaintiff contends that in reality, Defendants use the websites to falsely advertise Defendants and to disparage Plaintiff. (Comp. ¶ 23.) Plaintiff alleges that the websites are in no way independent, and that the Defendants do not publicly disclose their connection to the websites. (Compl. ¶ 25.) Reviews on the websites praise Defendants and give negative reviews about Plaintiff's services. (Compl. ¶ 45.) Some reviews include false information, while others allegedly plagiarize information. (Id.)

Certain of Defendants' websites claim that Plaintiff was a defendant in a lawsuit accusing it of fraud, and that Plaintiff was found guilty and later sued by the U.S. Commodities Futures Trading Commission. (Compl. ¶ 37; Ex. 4.) Plaintiff contends that this is false and that a business with a similar name, American Bullion Exchange, was in fact the party found guilty in that action. (Compl. ¶ 38.)

Many of the websites use allegedly use Plaintiff's name to misdirect potential customers. (Compl. ¶ 40.) Plaintiff asserts that the websites urge customers to "click here to visit American Bullion," but are then linked to Defendants' website upon clicking. Id. Plaintiff further alleges that it requested Defendants remove the materials and stop the dissemination of false information, to no avail. (Compl. ¶ 41.)

The Complaint alleges causes of action for false and misleading advertising under the Lanham Act, 15 U.S.C. 1125(a), and state law, as well as state law causes of action for unfair competition, unfair business practices, trade libel, defamation, and intentional interference with prospective economic advantage. Defendants now move to dismiss.

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. Even under the liberal pleading standard of Federal Rule of Civil

3

Procedure 8(a)(2), under which a party is only required to make a "short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. 678 (quoting Twombly, 550 U.S. at 555).

**III. Discussion**

    A. False Advertising

Defendants briefly contend that Plaintiff's Lanham Act claim must be dismissed because 1) Plaintiff has not alleged ownership of a trademark and 2) Plaintiff has failed to state a claim becase Defendants' alleged statements "do not appear to be for the purpose of influencing consumers to buy Defendant's products, rather to refrain from contracting with Plaintiff." (Mot. at 4-5.)

As to the first ground, as Defendants themselves acknowledge, Plaintiff does not assert a trademark claim. Rather, Plaintiff brings a false advertising claim under the Lanham Act. "[T]he Lanham Act . . . prohibits the use of false designations of origin, false descriptions, and false representations in the advertizing [sic] and sale of goods and services." Jack Russell Terrier Network v. Am. Kennel Club, Inc., 407 F.3d 1027, 1036 (9th Cir. 2005). A Lanham Act claim for false advertising requires "(1) a false statement in a commercial advertisement about its own <u>or another's product</u>; (2) the statement actually deceived or has a tendency to deceive . . . ; (3) the deception is material . . . ;" (4) causation; and (5) injury. Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997) (emphasis added). A false

4

statement is one that is literally false, or one that is literally true and likely to cause confusion. Id.

The thrust of Defendants' contention that the statements at issue seek not to promote its own product, but rather to besmirch Defendants', is unclear. Furthermore, the Complaint clearly alleges that Defendants disseminate ostensibly independent reviews that promote Defendants' services and direct consumers to Defendants' own site. (Compl. ¶¶ 4, 28-31.) Nor do Defendants dispute Plaintiffs' allegation that the statement regarding the fraud suit and enforcement action pertained not to Plaintiff, but to another entity. The Lanham Act claims is adequately pled.[1]

B. Privilege

Defendants contend that certain claims must be dismissed because Defendants acts are protected by the litigation privilege. (Mot. at 6.) The privilege attaches where a communication is made (1) in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) to have some connection or logical relation to the action." Am. Products Co., Inc. v. Law Offices of Geller, Stewart & Foley, LLP, 134 Cal. App. 4th 1332, 1340,(2005).

Defendants' argument has no merit. Neither Defendants nor Plaintiffs were parties to the fraud suit brought by the U.S. Commodities Futures Trading Commission against American Bullion

---

[1] For similar reasons, Plaintiff's state law false advertising claim survives. See Cal. Bus. & Prof. Code § 17500; iYogi Holding Pvt. Ltd. v. Secure Remote Support Inc., No. C-11-0592 CW, 2011 WL 6291793 * 14 (N.D. Cal. Oct. 25, 2011) ("To prevail on a claim for false advertising, a plaintiff must show that the defendant, with the intent to perform professional or other services, made a statement concerning those services that is untrue or misleading.").

5

1  Exchange.  Defendants do not identify any other judicial or quasi-
2  judicial proceeding that might possibly be relevant.  The
3  litigation privilege is no bar to Plaintiff's claims.

### C.  Trade Libel and Defamation

"Trade libel is the publication of matter disparaging the quality of another's property, which the publisher should recognize is likely to cause pecuniary loss to the owner." ComputerXpress, Inc. v. Jackson, 93 Cal.App.4th 993, 1010 (2001).  Trade libel encompasses "all false statements concerning the quality of services or product of a business". Id. (internal quotation and citation omitted).  The tort requires the intentional publication of a false and unprivileged statement of fact. Mann v. Quality Old Time Serv., Inc., 120 Cal.App.4th 90, 104 (2004).  Defamation is similar, but involves injury to the reputation of a business, rather than disparagement of quality of goods or services. Mann v. Quality Old Time Serv., Inc., 139 Cal.App.4th 328, 340 (2006).

The Complaint alleges that certain of Defendants' affiliate websites have falsely stated "that American Bullion was a defendant in a lawsuit accusing it of 'running a precious metals scam' and a 'Ponzi like scheme,' and that its owner (falsely identified as Ryan Nassbridges) was found guilty of fraud and later sued by the U.S. Commodities and Futures Trade Commission." (Compl. ¶ 37.)  The Complaint also attached an example of this statement at Exhibit 4.

Defendants argue that "[g]iven the similarity of the names involved, it is unclear to which company the unidentified speaker was referring." (Mot. at 7.)  The court disagrees.  First, the allegations of the Complaint, which the court takes as true at this stage, aver that Defendants statements refer to Plaintiff.

6

Further, it is clear from Exhibit 4 that the statement referred to Plaintiff, as the statement is clearly preceded by a heading reading "American Bullion, Inc." Defamation and trade libel are adequately pled.

### D. Intentional Interference with Prospective Economic Advantage

To satisfy the elements of the tort of intentional interference with prospective economic advantage, a plaintiff must show (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal.4th 1134, 1153. To meet the third element, plaintiff must "plead and prove that the defendant's acts are wrongful apart from the interference itself." <u>Della Penna v. Toyota Motor Sales, U.S.A, Inc.</u>, 11 Cal.4th 376, 393 (1995).

Defendants argue that the Complaint fails to identify any economic relationships between Plaintiff and a third party. (Reply at 7.) The Complaint alleges, however, that Plaintiff has lost several customers to Regal, and that those customers cited Defendants' "review sites" as their reason for leaving Plaintiff. (Compl. ¶ 37.) The claim is sufficiently pled.

### E. Unfair Competition

For the reasons stated above, Plaintiffs' claim for unfair competition under California Business & Professions Code

7

§ 17200 also survives to the extent it is derivative of Plaintiff's other claims.  <u>See</u> Cal. Bus. & Profs. Code § 17200 ("[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act . . . ."); <u>see also</u> <u>Daugherty v. Am. Honda Motor Co., Inc.</u>, 144 Cal.App.4th 824, 837 (2006).

**IV. Conclusion**

For the reasons stated above, Defendants' Motion is DENIED.[2]

IT IS SO ORDERED.

Dated: July 15, 2014

DEAD D. PREGERSON
United States District Judge

---

[2] The court notes that it is not persuaded that Defendants "substantially complied" with Local Rule 7-3 merely because they discussed "failure to state a claim" with Plaintiff prior to filing the instant motion. Nevertheless, in the interests of deciding matters on the merits, the court has considered Defendants' arguments. The court expects full compliance with all rules of civil procedure, including the local rules.

8