UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN BULLION, INC., | CASE NO. CV14-01873 DDP(ASx) |
| Plaintiff, | The Honorable Dean D. Pregerson |
| v. | **JUDGMENT AGAINST DEFENDANT KELLY FELIX** |
| REGAL ASSETS, LLC; Tyler Gallagher, an individual; Kelly Felix, an individual; and Does 1-10, inclusive, | |
| Defendants. | |

6210152.1

**[PROPOSED] JUDGMENT AGAINST DEFENDANT KELLY FELIX**

The Application for Entry of Default Judgment and Permanent Injunction Against Defendant Kelly Felix ("Felix") (the "Application") filed by Plaintiff American Bullion, Inc. ("Plaintiff" or "American Bullion") came on for hearing before this Court on July 14, 2014.

After full consideration of Plaintiff's moving papers, including the supporting declarations and exhibits thereto, the well-pleaded allegations of the Complaint and all other matters presented to the Court:

IT IS HEREBY ORDERED THAT the Plaintiff's Application is GRANTED and Judgment shall enter as follows:

1. Felix and all persons acting under his direction or control (including but not limited to any agents, representatives or employees) hereby are enjoined and shall **immediately** delete or cause to be deleted those websites, webpages, blogs, reviews, postings and online content that are set forth in Schedule A to this Judgment, as well as any and all other websites, webpages, blogs, reviews, postings or online content that Felix owns or are under Felix's direction or control, that include any of the following content, unless and until all of the following content is removed:

    (a) Statements that American Bullion, Inc. is the same company as or is any way related or affiliated with American Bullion Exchange;

    (b) Statements that the owner of American Bullion Exchange, Ryan Nassbridges, is the owner of or in any way related to American Bullion, Inc.

    (c) References, comments, opinions or reviews about American Bullion Inc., its services, employees, directors, principals or

officers unless and until such online content includes the clear and conspicuous disclosure of the material relationship between the content provider and Regal Assets, LLC set forth in subparagraph (i);

(d) References, comments, opinions, reviews or recommendations of Regal Assets, LLC and its services unless and until such online content includes the clear and conspicuous disclosure of the material relationship between the content provider and Regal Assets, LLC set forth in subparagraph (i);

(e) Links or backlinks to www.americanbullion.com;

(f) False links that claim or appear to direct the user to American Bullion, Inc.'s website, but actually direct the user to another website, including but not limited to Regal Assets, LLC's website or any website designed to re-direct viewers to Regal Assets, LLC's website.

(g) Pictures of any individual who is not actually affiliated with the site and who actually provides the service or has the experience or qualification attributed to him or her.  (Stock photos may be used to the extent the website or other internet content does not indicate or suggest that the person is a real person affiliated with the website or other content.)

(h) Statements/reviews or qualifications or experiences of any individual or purported individual where the statement/review was not actually made by the individual indicated and/or such individual does not have the qualification indicated and/or said individual did not undergo the experience identified.

(i) For purposes of the disclosures required by subparagraphs (c) and (d), the required disclosure must state: **The owners of this**

**website are paid to recommend Regal Assets. The content on this website, including the positive review of Regal Assets, the negative reviews of its competitors and other information, is not independent or neutral. It was provided by Regal Assets**.

In addition, the required disclosure must be at the top of each page of online content; must be the larger of 14-point type or the surrounding text; must be contrasted with the existing background and surrounding text by way of bold and underlining so as to make it conspicuous; must float, such that it remains visible at all times regardless of scrolling or any other user initiated action; and must be capable of being viewed regardless of whether a consumer is viewing the online content on their computer, tablet, smartphone or other device.

If and to the extent that Felix does not own or control, or otherwise have administrative rights to the websites, webpages, blogs, reviews postings and online content that are set forth in Schedule A to this Judgment, or some of them, but was involved in any respect in designing, setting up, or otherwise facilitating the publication of such material, then for such websites, webpages, blogs, reviews postings and online content, Felix shall immediately send a **written** communication to the operator, owner, and administrator that states the following:

"I, Kelly Felix, was ordered by the United States District Court for the Central District of California to disclose the following:

I was sued by American Bullion, Inc. for creating websites or facilitating the creation of websites and other online content that (a) used stock photos, pictures of dead people available online, made-up quotes, and made-up people to make these websites look more natural/authentic and trustworthy, as well as suggest the existence of satisfied customers and qualified, independent reviewers who did not in fact exist, (b) included biased reviews and other information that bad-mouthed my competitors and lauded and recommended businesses affiliated with me or for whom I worked without disclosing that I would profit from publishing these biased reviews, and (c) included knowingly defamatory and false information and material

3
**[PROPOSED] JUDGMENT AGAINST DEFENDANT KELLY FELIX**

1  regarding America Bullion, Inc., among other things – all for the purpose of directing customers away from my competitors and to businesses affiliated with me or for whom I worked.

2  Judgment has been entered against me for disseminating such information and using such tactics in an effort to direct or re-direct potential customers.

3  I have been ordered to remove all such content from the internet and cease facilitating its publication.

4  The publication of such material and the use of such tactics expose the operator of such websites, webpages, blogs, reviews postings and online content to civil liability to American Bullion, Inc. and possibly others.

5  I request that you remove such content or similar content on your websites, webpages, blogs, reviews postings and online content and refrain from posting such content or similar content in the future.

/s/ Kelly Felix

This communication shall include a copy of American Bullion's Complaint, a copy of the Memorandum in Support of Plaintiff's Application, and a copy of this Judgment.

2. Felix hereby is enjoined and shall **immediately** post on his websites www.bringthefresh.com and www.kellyfelix.com, his blog, "Off-The-Cuff," as well as any other blog or internet websites or postings through which Felix currently or in the future recruits affiliates for Regal Assets or otherwise relate to Felix's affiliate marketing efforts for Regal Assets or otherwise, the following statement:

"Kelly Felix was ordered by the United States District Court for the Central District of California to disclose the following:

Kelly Felix was sued by American Bullion, Inc. for creating websites or facilitating the creation of websites and other online content that (a) used stock photos, pictures of dead people available online, made-up quotes, and made-up people to make these websites look more natural/authentic and trustworthy, as well as suggest the existence of satisfied customers and qualified, independent reviewers who did not in fact exist, (b) included biased reviews and other information that bad-mouthed Kelly Felix's competitors and lauded and recommended businesses affiliated with Kelly Felix or for whom he worked without disclosing that he would profit from publishing these biased reviews, and (c) included knowingly defamatory and false information and material regarding America Bullion, Inc., among other

4

things – all for the purpose of directing customers away from Kelly Felix's competitors and to businesses affiliated with Kelly Felix or for whom he worked.

Judgment has been entered against Kelly Felix for disseminating such information and using such tactics in an effort to direct or re-direct potential customers.

Kelly Felix has been ordered to remove all such content from the internet and cease facilitating its publication.

The publication of such material and the use of such tactics expose the operator of such websites, webpages, blogs, reviews postings and online content to civil liability to American Bullion, Inc. and possibly others.

Kelly Felix requests that such operators remove any such content or similar content on their websites, webpages, blogs, reviews postings and online content and refrain from posting such content or similar content in the future.

/s/ Kelly Felix

This statement must be at the top of each page of online content; must be the larger of 14-point type or the surrounding text; must be contrasted with the existing background and surrounding text by way of bold so as to make it conspicuous; and must be capable of being viewed regardless of whether a consumer is viewing the online content on their computer, tablet, smartphone or other device.

3. Felix and all persons acting under his direction or control (including but not limited to any agents, representatives or employees) hereby are enjoined and shall immediately and permanently cease and desist from (i) creating, (ii) causing to be created or (iii) providing content to or otherwise aiding or abetting the creation of any new websites, webpages, blogs, reviews, postings or other online content that include any of the following:

    (a)    Statements that American Bullion, Inc. is the same company as or is any way related or affiliated with American Bullion Exchange;

(b) Statements that the owner of American Bullion Exchange, Ryan Nassbridges, is the owner of or in any way related to American Bullion, Inc.

(c) References, comments, opinions or reviews about American Bullion Inc., its services, employees, directors, principals or officers unless and until such online content includes the clear and conspicuous disclosure of the material relationship between the content provider and Regal Assets, LLC set forth in subparagraph (i);

(d) References, comments, opinions, reviews or recommendations of Regal Assets, LLC and its services unless and until such online content includes the clear and conspicuous disclosure of the material relationship between the content provider and Regal Assets, LLC set forth in subparagraph (i);

(e) Links or backlinks to www.americanbullion.com;

(f) False links that claim or appear to direct the user to American Bullion, Inc.'s website, but actually direct the user to another website, including but not limited to Regal Assets, LLC's website or any website designed to re-direct viewers to Regal Assets, LLC's website.

(g) Pictures of any individual who is not actually affiliated with the site and who actually provides the service or has the experience or qualification attributed to him or her.  (Stock photos may be used to the extent the website or other internet content does not indicate or suggest that the person is a real person affiliated with the website or other content.)

(h) Statements/reviews or qualifications or experiences of any individual or purported individual where the statement/review

6

[PROPOSED] JUDGMENT AGAINST DEFENDANT KELLY FELIX

6210152.1

was not actually made by the individual indicated and/or such individual does not have the qualification indicated and/or said individual did not undergo the experience identified.

(i) For purposes of the disclosures required by subparagraphs (c) and (d), the required disclosure must state: **The owners of this website are paid to recommend Regal Assets.  The content on this website, including the positive review of Regal Assets, the negative reviews of its competitors and other information, is not independent or neutral.  It was provided by Regal Assets**.

In addition, the required disclosure must be at the top of each page of online content; must be the larger of 14-point type or the surrounding text; must be contrasted with the existing background and surrounding text by way of bold and underlining so as to make it conspicuous; must float, such that it remains visible at all times regardless of scrolling or any other user initiated action; and must be capable of being viewed regardless of whether a consumer is viewing the online content on their computer, tablet, smartphone or other device.

4. Felix hereby is enjoined and shall be prohibited from accepting or receiving any money (regardless of currency) or other forms of compensation or property from Regal Assets, LLC, Tyler Gallagher or anyone else as a result of (a) directing or re-directing customers (or sales leads) to Regal Assets, LLC (or any affiliate, officer, director, or employee of Regal Assets, LLC) on account of any of the websites, webpages, blogs, reviews postings and online content that are set forth in Schedule A to this Judgment, as well as any and all other websites, webpages, blogs, reviews, postings or online content that Felix owns or are under

Felix's direction or control or that Felix facilitated the creation of (including but not limited to any "sub-affiliates" through which Felix does or would receive a commission in the future), that include any of the following content or elements, and (b) preparing web content for dissemination by others that includes any of the following content or elements:

(a) Statements that American Bullion, Inc. is the same company as or is any way related or affiliated with American Bullion Exchange;

(b) Statements that the owner of American Bullion Exchange, Ryan Nassbridges, is the owner of or in any way related to American Bullion, Inc.

(c) References, comments, opinions or reviews about American Bullion Inc., its services, employees, directors, principals or officers unless and until such online content includes the clear and conspicuous disclosure of the material relationship between the content provider and Regal Assets, LLC set forth in subparagraph (i);

(d) References, comments, opinions, reviews or recommendations of Regal Assets, LLC and its services unless and until such online content includes the clear and conspicuous disclosure of the material relationship between the content provider and Regal Assets, LLC set forth in subparagraph (i);

(e) Links or backlinks to www.americanbullion.com;

(f) False links that claim or appear to direct the user to American Bullion, Inc.'s website, but actually direct the user to another website, including but not limited to Regal Assets, LLC's website or any website designed to re-direct viewers to Regal Assets, LLC's website.

(g) Pictures of any individual who is not actually affiliated with the site and who actually provides the service or has the experience or qualification attributed to him or her.  (Stock photos may be used to the extent the website or other internet content does not indicate or suggest that the person is a real person affiliated with the website or other content.)

(h) Statements/reviews or qualifications or experiences of any individual or purported individual where the statement/review was not actually made by the individual indicated and/or such individual does not have the qualification indicated and/or said individual did not undergo the experience identified.

(i) For purposes of the disclosures required by subparagraphs (c) and (d), the required disclosure must state: **<u>The owners of this website are paid to recommend Regal Assets.  The content on this website, including the positive review of Regal Assets, the negative reviews of its competitors and other information, is not independent or neutral.  It was provided by Regal Assets</u>**.

In addition, the required disclosure must be at the top of each page of online content; must be the larger of 14-point type or the surrounding text; must be contrasted with the existing background and surrounding text by way of bold and underlining so as to make it conspicuous; must float, such that it remains visible at all times regardless of scrolling or any other user initiated action; and must be capable of being viewed regardless of whether a consumer is viewing the online content on their computer, tablet, smartphone or other device.

5. Monetary damages are awarded to Plaintiff in an amount to be determined concurrently with the damages aspect of the trial against Defendants Regal Assets, LLC and Tyler Gallagher.

6. Felix is ordered to disgorge his profits to Plaintiff in an amount to be determined concurrently with the damages aspect of the trial against Defendants Regal Assets, LLC and Tyler Gallagher.

7. Treble damages pursuant to 15 U.S.C. § 1117(a) and punitive damages pursuant to California Civil Code section 3294 are awarded to Plaintiff in an amount to be determined concurrently with the damages aspect of the trial against Regal Assets, LLC and Tyler Gallagher.

8. Attorneys' fees pursuant to 15 U.S.C. § 1117(a) and costs are awarded to Plaintiff in an amount to be determined upon separate application following entry of final judgment as to all defendants.

9. Plaintiff's Motion for Default Judgment against Defendant Kelly Felix is GRANTED. This order and judgment apply only to Defendant Felix.

IT IS SO ORDERED.

DATED: JULY 15, 2014

Honorable Dean D. Pregerson
United States District Judge