1  FRANK J. LIZARRAGA, JR. (SBN 128689)
   JUSTIN M. CRANE (SBN 251107)
2  **LIZARRAGA LAW FIRM, APC**
   3270 Inland Empire Blvd., Suite 120
3  Ontario, California 91764
   Telephone: (909) 983-9393
4  Facsimile:  (909) 391-6762
   Email: flizarraga@lizarragalaw.com
5         jcrane@lizarragalaw.com

6  Attorney for Defendant, REGAL ASSETS, LLC
7  And Defendant TYLER GALLAGHER

8              **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, ROYBAL**

10
   **AMERICAN BULLION, INC.**              **CASE NO.: 2:14-cv-01873-DDP-AS**
11
                **Plaintiff,**             **ANSWER TO COMPLAINT;**
12                                         **DEMAND FOR JURY TRIAL**
            **vs.**
13
   **REGAL ASSETS, LLC; Tyler**
14 **Gallagher, an individual; Kelly Felix, an**
   **individual; and Does 1-10, inclusive.**  **Honorable Dean D. Pregerson**
15
16           **Defendant.**
17

18      COMES NOW Defendants, Regal Assets, LLC ("Regal") and Tyler Gallagher

19 ("Gallagher") (collectively referred to as "Defendants"), and in answer to Plaintiff

20 American Bullion, Inc.'s ("Plaintiff") Complaint, and without waiving the below-listed

21 Affirmative Defenses, admits, denies, and alleges as follows:

22                      **NATURE OF THE ACTION**

23      1.    In response to Paragraph 1 of the Complaint, Defendants admit the

24 allegations contained within the first sentence, but denies the allegations contained in the

25 second sentence.

26      2.    In response to Paragraph 2 of the Complaint, Defendants deny the

27 allegations therein.

28
                                  1
   ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL (#379629)

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

3.    In response to Paragraph 3 of the Complaint, Defendant denies the allegations therein.

## JURISDICTION AND VENUE

4.    In response to Paragraph 4 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding venue and/or jurisdictional basis which do not require an answer. To the extent any response is required, such allegations are denied.

5.    In response to Paragraph 5 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding venue and/or jurisdictional basis which do not require an answer. To the extent any response is required, such allegations are denied.

6.    In response to Paragraph 6 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding venue and/or jurisdictional basis which do not require an answer. To the extent any response is required, such allegations are denied.

7.    In response to Paragraph 7 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding venue and/or jurisdictional basis which do not require an answer. To the extent any response is required, such allegations are denied.

## THE PARTIES

8.    In response to Paragraph 8 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

9.    In response to Paragraph 9 of the Complaint, Defendant admits the allegations therein.

10.    In response to Paragraph 10 of the Complaint, Defendant admits the allegations therein.

11.    In response to Paragraph 11 of the Complaint, as stated, Defendant denies the allegations therein.

12.    In response to Paragraph 12 of the Complaint, as stated, Defendant denies the allegations therein.

13.    In response to Paragraph 13 of the Complaint, Defendant lacks sufficient

2

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

1  knowledge or information to form a belief as to the truth of the allegations, and therefore

2  denies them.

3      14.   In response to Paragraph 14 of the Complaint, as stated, Defendant denies

4  the allegations therein.

5                          **GENERAL ALLEGATIONS**

6                      **Plaintiff's Business and Reputation**

7      15.   In response to Paragraph 15 of the Complaint, Defendant lacks sufficient

8  knowledge or information to form a belief as to the truth of the allegations, and therefore

9  denies them.

10     16.   In response to Paragraph 16 of the Complaint, Defendant lacks sufficient

11 knowledge or information to form a belief as to the truth of the allegations, and therefore

12 denies them.

13     17.   In response to Paragraph 17 of the Complaint, Defendant lacks sufficient

14 knowledge or information to form a belief as to the truth of the allegations, and therefore

15 denies them.

16     18.   In response to Paragraph 18 of the Complaint, Defendant lacks sufficient

17 knowledge or information to form a belief as to the truth of the allegations, and therefore

18 denies them.

19     19.   In response to Paragraph 19 of the Complaint, Defendant lacks sufficient

20 knowledge or information to form a belief as to the truth of the allegations, and therefore

21 denies them.

22                  **Defendants' Unfair and Unlawful Conduct**

23 **A.    The Regal Assets Affiliate Program**

24     20.   In response to Paragraph 20 of the Complaint, Defendant admits the

25 allegations therein.

26     21.   In response to Paragraph 21 of the Complaint, Defendant admits the

27 allegations therein.

28     22.   In response to Paragraph 22 of the Complaint, Defendant admits the

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL (#379629)

allegations therein.

23.      In response to Paragraph 23 of the Complaint, as stated, Defendant denies the allegations therein.

24.      In response to Paragraph 24 of the Complaint, as stated, Defendant denies the allegations therein.

**1.      The Affiliate Websites are not in any sense independent.**

25.      In response to Paragraph 25 of the Complaint, as stated, Defendant denies the allegations therein.

26.      In response to Paragraph 26 of the Complaint, as stated, Defendant denies the allegations therein.

27.      In response to Paragraph 27 of the Complaint, as stated, Defendant denies the allegations therein.

28.      In response to Paragraph 28 of the Complaint, as stated, Defendant denies the allegations therein.

29.      In response to Paragraph 29 of the Complaint, as stated, Defendant denies the allegations therein.

**2.      The Affiliate Websites fail to adequately disclose their connection to Regal Assets.**

30.      In response to Paragraph 30 of the Complaint, as stated, Defendant denies the allegations therein.

31.      In response to Paragraph 31 of the Complaint, as stated, Defendant denies the allegations therein.

**3.      The Affiliate Websites contain false content.**

32.      In response to Paragraph 32 of the Complaint, as stated, Defendant denies the allegations therein.

33.      In response to Paragraph 33 of the Complaint, as stated, Defendant denies the allegations therein.

///

4

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

**4.      The Affiliate Websites disparage and defame American Bullion in order to divert business to Regal Assets.**

34.      In response to Paragraph 34 of the Complaint, as stated, Defendant denies the allegations therein.

35.      In response to Paragraph 35 of the Complaint, as stated, Defendant denies the allegations therein.

36.      In response to Paragraph 36 of the Complaint, as stated, Defendant denies the allegations therein.

37.      In response to Paragraph 37 of the Complaint, as stated, Defendant denies the allegations therein.

38.      In response to Paragraph 38 of the Complaint, as stated, Defendant denies the allegations therein.

39.      In response to Paragraph 39 of the Complaint, as stated, Defendant denies the allegations therein.

**5.      Affiliate Websites use American Bullion's trade name to divert consumers to Regal Assets' website.**

40.      In response to Paragraph 40 of the Complaint, as stated, Defendant denies the allegations therein.

**B.      Regal Assets' Refusal To Correct Misstatements And Remove Misleading Reviews.**

41.      In response to Paragraph 41 of the Complaint, as stated, Defendant denies the allegations therein.

**American Bullion Has Been Harmed And**

**Continues To Be Harmed By Regal Assets' Wrongdoing**.

42.      In response to Paragraph 42 of the Complaint, as stated, Defendant denies the allegations therein.

43.      In response to Paragraph 43 of the Complaint, as stated, Defendant denies the allegations therein.

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL (#379629)

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

**FIRST CLAIM FOR RELIEF**

[False or Misleading Advertising – 15 U.S.C. § 1125(a)]

[Against All Defendants]

44. In response to Paragraph 44 of the Complaint, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 43 hereof as set forth at length herein.

45. In response to Paragraph 45 of the Complaint, as stated, Defendant denies the allegations therein.

46. In response to Paragraph 46 of the Complaint, as stated, Defendant denies the allegations therein.

47. In response to Paragraph 47 of the Complaint, as stated, Defendant denies the allegations therein.

48. In response to Paragraph 48 of the Complaint, as stated, Defendant denies the allegations therein.

49. In response to Paragraph 49 of the Complaint, as stated, Defendant denies the allegations therein.

50. In response to Paragraph 50 of the Complaint, as stated, Defendant denies the allegations therein.

51. In response to Paragraph 51 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding Plaintiff's damages which do not require an answer. To the extent any response is required, such allegations are denied.

**SECOND CLAIM FOR RELIEF**

[False or Misleading Advertising – Cal. Bus. & Prof. Code § 17500 et seq.]

[Against All Defendants]

52. In response to Paragraph 52 of the Complaint, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 51 hereof as set forth at length herein.

53. In response to Paragraph 53 of the Complaint, as stated, Defendant denies

6

the allegations therein.

54. In response to Paragraph 54 of the Complaint, as stated, Defendant denies the allegations therein.

55. In response to Paragraph 55 of the Complaint, as stated, Defendant denies the allegations therein.

56. In response to Paragraph 56 of the Complaint, as stated, Defendant denies the allegations therein.

57. In response to Paragraph 57 of the Complaint, as stated, Defendant denies the allegations therein.

58. In response to Paragraph 58 of the Complaint, as stated, Defendant denies the allegations therein.

59. In response to Paragraph 59 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding Plaintiff's damages which do not require an answer. To the extent any response is required, such allegations are denied.

## THIRD CLAIM FOR RELIEF

[Unfair Competition – Cal. Bus. & Prof. Code § 17200 et seq. and Common Law]

[Against All Defendants]

60. In response to Paragraph 60 of the Complaint, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 59 hereof as set forth at length herein.

61. In response to Paragraph 61 of the Complaint, as stated, Defendant denies the allegations therein.

62. In response to Paragraph 62 of the Complaint, as stated, Defendant denies the allegations therein.

//

///

///

///

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

7

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

1   **FOURTH CLAIM FOR RELIEF**

2   [Unfair Business Practices – Cal. Bus. & Prof. Code § 17200 et seq. and Common Law]

3   [Against All Defendants]

4   63.     In response to Paragraph 63 of the Complaint, Defendant incorporates by

5   reference each admission, denial, and allegation contained in Paragraphs 1 through 62

6   hereof as set forth at length herein.

7   64.     In response to Paragraph 64 of the Complaint, as stated, Defendant denies

8   the allegations therein.

9   65.     In response to Paragraph 65 of the Complaint, as stated, Defendant denies

10   the allegations therein.

11   **FIFTH CLAIM FOR RELIEF**

12   [Trade Libel]

13   66.     In response to Paragraph 66 of the Complaint, Defendant incorporates by

14   reference each admission, denial, and allegation contained in Paragraphs 1 through 65

15   hereof as set forth at length herein.

16   67.     In response to Paragraph 67 of the Complaint, as stated, Defendant denies

17   the allegations therein.

18   68.     In response to Paragraph 68 of the Complaint, Defendant lacks sufficient

19   knowledge or information to form a belief as to the truth of the allegations, and therefore

20   denies them.

21   69.     In response to Paragraph 69 of the Complaint, as stated, Defendant denies

22   the allegations therein.

23   70.     In response to Paragraph 70 of the Complaint, as stated, Defendant denies

24   the allegations therein.

25   71.     In response to Paragraph 71 of the Complaint, Defendant contends that this

26   Paragraph contains legal assertions regarding Plaintiff's damages which do not require an

27   answer. To the extent any response is required, such allegations are denied.

28   ///

8

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

## SIXTH CLAIM FOR RELIEF

[Defamation]

72.     In response to Paragraph 72 of the Complaint, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 71 hereof as set forth at length herein.

73.     In response to Paragraph 73 of the Complaint, as stated, Defendant denies the allegations therein.

74.     In response to Paragraph 74 of the Complaint, as stated, Defendant denies the allegations therein.

75.     In response to Paragraph 75 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

76.     In response to Paragraph 76 of the Complaint, as stated, Defendant denies the allegations therein.

77.     In response to Paragraph 77 of the Complaint, as stated, Defendant denies the allegations therein.

78.     In response to Paragraph 78 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding Plaintiff's damages which do not require an answer. To the extent any response is required, such allegations are denied.

79.     In response to Paragraph 79 of the Complaint, as stated, Defendant denies the allegations therein.

## SEVENTH CLAIM FOR RELIEF

[Intentional Interference With Prospective Economic Advantage]

80.     In response to Paragraph 80 of the Complaint, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 79 hereof as set forth at length herein.

81.     In response to Paragraph 81 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore

9

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

1 denies them.

2 82.   In response to Paragraph 82 of the Complaint, as stated, Defendant denies

3 the allegations therein.

4 83.   In response to Paragraph 83 of the Complaint, as stated, Defendant denies

5 the allegations therein.

6 84.   In response to Paragraph 84 of the Complaint, as stated, Defendant denies

7 the allegations therein.

8 85.   In response to Paragraph 85 of the Complaint, as stated, Defendant denies

9 the allegations therein.

10 86.   In response to Paragraph 86 of the Complaint, Defendant contends that this

11 Paragraph contains legal assertions regarding Plaintiff's damages which do not require an

12 answer. To the extent any response is required, such allegations are denied.

13 **AFFIRMATIVE DEFENSES**

14 **FIRST AFFIRMATIVE DEFENSE**

15 87.   Plaintiff's Complaint fails to state a claim upon which relief may be granted.

16 **AFFIRMATIVE DEFENSES**

17 **SECOND AFFIRMATIVE DEFENSE**

18 88.   Plaintiff's claims and defenses are barred by the equitable doctrine of

19 unclean hands.

20 **AFFIRMATIVE DEFENSES**

21 **THIRD AFFIRMATIVE DEFENSE**

22 89.   Defendants have not directly or indirectly infringed any trademarks owned

23 by the Plaintiffs.

24 **AFFIRMATIVE DEFENSES**

25 **FOURTH AFFIRMATIVE DEFENSE**

26 90.   Plaintiff's claims fail in whole or in part, since its trademarks are generic

27 and/or descriptive and are not protectable as trademarks.

28 ///

10

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

**AFFIRMATIVE DEFENSES**

**FIFTH AFFIRMATIVE DEFENSE**

91.     Plaintiff failed to mitigate their damages, if any.

**AFFIRMATIVE DEFENSES**

**SIXTH AFFIRMATIVE DEFENSE**

92.     Plaintiff's claims are barred, in whole or in part, since there is no likelihood of confusion in the marketplace.

**AFFIRMATIVE DEFENSES**

**SEVENTH AFFIRMATIVE DEFENSE**

93.     Plaintiff's claims are barred, in whole or in part, since Defendant's actions, as alleged, do not constitute unfair competition.

**AFFIRMATIVE DEFENSES**

**EIGHTH AFFIRMATIVE DEFENSE**

94.     Plaintiff's claims are barred, in whole or in part, since Plaintiff's alleged trademarks are generic and/or descriptive and are not afforded any protection under federal and common laws.

**AFFIRMATIVE DEFENSES**

**NINTH AFFIRMATIVE DEFENSE**

95.     Plaintiff would be unjustly enriched if it recovers any damages alleged to have been suffered, as plaintiff can show no loss, based on the facts alleged.

**AFFIRMATIVE DEFENSES**

**TENTH AFFIRMATIVE DEFENSE**

96.     Defendant's actions were at all times taken in the good faith exercise in its reasonable business judgment, and were taken for valid business purposes.

**AFFIRMATIVE DEFENSES**

**ELEVENTH AFFIRMATIVE DEFENSE**

97.     The complaint and each and every claim for relief contained therein is barred or offset by Plaintiff's acts of unfair competition with Defendants.

11

**AFFIRMATIVE DEFENSES**

**TWELFTH AFFIRMATIVE DEFENSE**

98.    The alleged statements and purported implications are privileged under the First Amendment to the United States Constitution.

**AFFIRMATIVE DEFENSES**

**THIRTEENTH AFFIRMATIVE DEFENSE**

99.    Plaintiff's claim for damages were caused by the superseding, intervening and/or independent negligent or intentional misconduct of others, including, but not limited to, Plaintiff, and were not the result of any acts or omissions of Defendant.

**AFFIRMATIVE DEFENSES**

**FOURTEENTH AFFIRMATIVE DEFENSE**

100.    Defendant hereby gives notice that it intends to rely upon such other defenses as may become apparent in the course of discovery in this action, and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.    That Plaintiff takes nothing by way of its Complaint;

2.    That Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3.    That Defendant be awarded costs of suit incurred in this action;

4.    That Defendant be awarded Attorney's Fees; and

5.    For such other and further relief as the Court deems just and proper.

///

///

///

///

///

///

///

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

12

## **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Regal Assets, LLC and Defendant Tyler Gallagher demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-11.

Dated: July 18, 2014          **LIZARRAGA LAW FIRM, APC**

By:_____/s/Justin M. Crane_____
    FRANK J. LIZARRAGA, JR.
    JUSTIN M. CRANE
    Attorneys for Defendants,
    Regal Assets, LLC and Tyler Gallagher

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL (#379629)

LIZARRAGA LAW FIRM
——— APC ———
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393

**CERTIFICATE OF SERVICE BY U.S. MAIL**

1

2    I am over the age of 18 and not a party to the within action.  I am employed in the County of San Bernardino, State of California.  My business address is Lizarraga Law Firm, APC, 3270 Inland Empire Blvd., Suite 120, Ontario, California 91764.

3

4    On **July 21, 2014**, I served the following document described as: **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL,** on all interested parties in this action by placing  [ x ] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

5

6    **Seth E. Pierce**                            *Attorneys for Plaintiff*
       *sep@msk.com*                            *T: (310) 312-2000*

7    **Aaron M. Wais**                          *F: (310)312-3100*
       *amw@msk.com*

8    **Naomi Straus**
       *nxs@msk.com*

9    **MITCHELL SILBERBERG & KNUPP LLP**
     **11377 West Olympic Boulevard**

10   **Los Angeles, CA 90064-1683**

11   **Kelly Felix**                             **Defendant**
     **Email:** *kellysfelix@gmail.com*

12

13        Per C.C.P. §§1005(b), 1013a, 2015.5:

14   ☐   **BY U.S. MAIL:**  I caused such envelopes to be deposited in the United States mail at Ontario, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to  (C.C.P. § 1013(a)).

15

16

17   ☒   **BY ELECTRONIC MAIL [PDF]:** I caused such document(s) to be sent by electronic mail as a PDF attachment to the email addresses listed on the attached service list. (per written agreement with all counsel addressed herein.) (C.C.P. Sec. 1010.6(a)(6)).

18

19   ☐   **BY FACSIMILE:** (C.C.P. § 1013(e)(f)). I transmitted a true copy of said document(s) by facsimile machine this date from telecopier number (909) 391-6762, and no error was reported.  said Fax transmission(s) were directed as indicated on the service list.

20

21   ☐   **BY PERSONAL SERVICE:**  I caused such envelopes to be delivered by hand to the offices of the addressees on the (attached) service list. (C.C.P. § 1011(a)(b)).

22

23   ☒   **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

24

25   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on **July 21, 2014**, at Ontario, California.

26

27                                  /s/
                               JUSTIN M. CRANE

28

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL (#379629)

LIZARRAGA LAW FIRM
APC
LAW OFFICES
3270 Inland Empire Blvd., Suite 120
Ontario, California 91764
(909) 983-9393