1   BERNARD M. RESSER (SBN 92873)
    BResser@GreenbergGlusker.com
2   PAUL A. BLECHNER (SBN 159514)
    PBlechner@GreenbergGlusker.com
3   STEVEN A. STEIN (SBN 287401)
    SStein@GreenbergGlusker.com
4   GREENBERG GLUSKER FIELDS CLAMAN &
    MACHTINGER LLP
5   1900 Avenue of the Stars, 21st Floor
    Los Angeles, California  90067-4590
6   Telephone:  310.553.3610
    Fax:  310.553.0687
7
8   Attorneys for Defendant and Counterclaimant
    REGAL ASSETS, LLC and Defendant TYLER
    GALLAGHER
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  AMERICAN BULLION, INC.,            Case No. CV 14-01873-DDP (ASx)

14              Plaintiff,             AMENDED ANSWER TO COMPLAINT OF
                                       DEFENDANTS REGAL ASSETS, LLC AND
15  v.                                 TYLER GALLAGHER;

16  REGAL ASSETS, LLC; TYLER           REGAL ASSETS, LLC'S
    GALLAGHER, an individual; KELLY    COUNTERCLAIM FOR:
17  FELIX, and individual; and Does 1-10,  (1) FALSE AND MISLEADING
    inclusive,                         ADVERTISING [15 U.S.C. § 1125(a)]
18                                     (2) FALSE AND MISLEADING
                Defendants.            ADVERTISING [Cal. B&P Code § 17500
19                                     et seq.]
    _____   (3) UNFAIR COMPETITION [Cal. B&P
20                                     Code § 17200 et seq.]
    REGAL ASSETS, LLC;                 (4) FALSE AND MISLEADING
21                                     ADVERTISING [15 U.S.C. § 1125(a)]
                                       (5) TRADE LIBEL
22              Counterclaimant,       (6) DEFAMATION
                                       (7) INTENTIONAL INTERFERENCE WITH
23  v.                                 PROSPECTIVE ECONOMIC ADVANTAGE;
                                       (8) INTENTIONAL INTERFERENCE WITH
24  AMERICAN BULLION, INC.;            CONTRACTUAL RELATIONS
    BRIAN OZKAN, an individual;
25  NEVTAN AKCORA, an individual;      DEMAND FOR JURY TRIAL
    BRIAN MEERT, an individual, and
26  Roes 1-10, inclusive,

27              Counter-Defendants.

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

COMES NOW Defendants, Regal Assets, LLC ("Regal") and Tyler Gallagher ("Gallagher") and no other parties (collectively referred to as "Answering Defendants"), and in answer to the Complaint ("Complaint") of plaintiff American Bullion, Inc. ("Plaintiff"), and without waiving the below-listed Affirmative Defenses, admits, denies, and alleges as follows:

1.     In response to Paragraph 1 of the Complaint, and except as alleged in the Counter-Claim below, Defendants admit the allegations contained within the first sentence, but deny the allegations contained in the second sentence.

2.     In response to Paragraph 2 of the Complaint, Answering Defendants deny the allegations therein.

3.     In response to Paragraph 3 of the Complaint, Answering Defendants deny the allegations therein.

4.     In response to Paragraph 4 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding venue and/or jurisdictional basis which do not require an answer. To the extent any response is required, such allegations are denied.

5.     In response to Paragraph 5 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding venue and/or jurisdictional basis which do not require an answer. To the extent any response is required, such allegations are denied.

6.     In response to Paragraph 6 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding venue and/or jurisdictional basis which do not require an answer. To the extent any response is required, such allegations are denied.

7.     In response to Paragraph 7 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding venue and/or jurisdictional basis which do not require an answer. To the extent any response is required, such allegations are denied.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

8.　　In response to Paragraph 8 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

9.　　In response to Paragraph 9 of the Complaint, Answering Defendants admit the allegations therein.

10.　　In response to Paragraph 10 of the Complaint, Answering Defendants admit the allegations therein.

11.　　In response to Paragraph 11 of the Complaint, as stated, Answering Defendants admit on information and belief that Kelly Felix is a resident of San Diego County California and the registered owner of http://imfsite.org, and www.bringthefresh.com. Except as otherwise admitted, Answering Defendants deny each and every other allegation in said paragraph.

12.　　In response to Paragraph 12 of the Complaint, as stated, Answering Defendants deny the allegations therein.

13.　　In response to Paragraph 13 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

14.　　In response to Paragraph 14 of the Complaint, as stated, Answering Defendants deny the allegations therein.

15.　　In response to Paragraph 15 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

16.　　In response to Paragraph 16 of the Complaint, except as alleged in the Counterclaims set forth below and incorporated herein, and as set forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90), Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

17.　　In response to Paragraph 17 of the Complaint, except as alleged in the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

Counterclaims set forth below and incorporated herein, and as set forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90), Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

18.    In response to Paragraph 18 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

19.    In response to Paragraph 19 of the Complaint, except as alleged in the Counterclaims set forth below and incorporated herein, and as set forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90), Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

20.    In response to Paragraph 20 of the Complaint, Answering Defendants admit the allegations therein.

21.    In response to Paragraph 21 of the Complaint, Answering Defendants admit the allegations therein.

22.    In response to Paragraph 22 of the Complaint, Answering Defendants admit the allegations herein.

23.    In response to Paragraph 23 of the Complaint, as stated, Answering Defendants deny the allegations therein.

24.    In response to Paragraph 24 of the Complaint, as stated, Answering Defendants deny the allegations therein.

25.    In response to Paragraph 25 of the Complaint, as stated, Answering Defendants deny the allegations therein.

26.    In response to Paragraph 26 of the Complaint, as stated, Answering Defendants deny the allegations therein.

27.    In response to Paragraph 27 of the Complaint, as stated, Defendant admits that imfsite.org does not make the untrue statement that Kelly Felix is an

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

owner of Regal Assets. Except as expressly admitted, denies the each and every other allegation of said Paragraph.

28.    In response to Paragraph 28 of the Complaint, as stated, Answering Defendants deny the allegations therein.

29.    In response to Paragraph 29 of the Complaint, as stated, Answering Defendants deny the allegations therein.

30.    In response to Paragraph 30 of the Complaint, as stated, except as alleged in the Counterclaims set forth below and incorporated herein, and as set forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90), Answering Defendants deny the allegations therein.

31.    In response to Paragraph 31 of the Complaint, as stated, except as set forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90; regarding Regal's Terms of Service with independent contractor affiliates Regal's monitoring and enforcement of those Terms), Answering Defendants deny the allegations therein.

32.    In response to Paragraph 32 of the Complaint, as stated, except as set forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90), Answering Defendants deny the allegations therein.

33.    In response to Paragraph 33 of the Complaint, as stated, except as alleged in the Counterclaims set forth below and incorporated herein, and as set forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90), Answering Defendants deny the allegations therein.

34.    In response to Paragraph 34 of the Complaint, as stated, except as alleged in the Counterclaims set forth below and incorporated herein, and as set forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90), Answering Defendants deny the allegations therein.

35.    In response to Paragraph 35 of the Complaint, as stated, except as alleged in the Counterclaims set forth below and incorporated herein, and as set

AMENDED ANSWER AND
COUNTERCLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90), Answering Defendants deny the allegations therein.

36.    In response to Paragraph 36 of the Complaint, as stated, Answering Defendants deny the allegations therein.

37.    In response to Paragraph 37 of the Complaint, as stated, except as set forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90), Answering Defendants deny the allegations therein.

38.    In response to Paragraph 38 of the Complaint, as stated, Answering Defendants deny in Paragraph 37 that the statements were made except as set forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90), but Answering Defendants admit the statements were false and admit the second sentence of said Paragraph of the Complaint.

39.    In response to Paragraph 39 of the Complaint, as stated Answering Defendants deny in Paragraph 37 that the statements were made except as set forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90), but Answering Defendants admit in Paragraph 38 the statements were false. Answering Defendants deny each and every other allegations of said Paragraph of the Complaint.

40.    In response to Paragraph 40 of the Complaint, as stated, except as set forth in Tyler Gallagher's Declarations (Dkt.#57-1, Dkt#66, Dkt.# 90), Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

41.    In response to Paragraph 41 of the Complaint, as stated, Answering Defendants deny the allegations therein.

42.    In response to Paragraph 42 of the Complaint, as stated, Answering Defendants deny the allegations therein.

43.    In response to Paragraph 43 of the Complaint, as stated, Answering Defendants admit that its independent contractor affiliates earn fees and commissions in accordance with Regal's Affiliate Program Agreement, but deny

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

1    each and every other allegation of said Paragraph of the Complaint.

2    **ANSWER TO FIRST ALLEGED CLAIM FOR RELIEF**

3    [Alleged False or Misleading Advertising – 15 U.S.C. § 1125(a)]

4        44.    In response to Paragraph 44 of the Complaint, Defendant incorporates

5    by reference each admission, denial, and allegation contained in Paragraphs 1

6    through 43 hereof as set forth at length herein.

7        45.    In response to Paragraph 45 of the Complaint, as stated, Answering

8    Defendants deny the allegations therein.

9        46.    In response to Paragraph 46 of the Complaint, as stated, Answering

10   Defendants deny the allegations therein.

11       47.    In response to Paragraph 47 of the Complaint, as stated, Answering

12   Defendants deny the allegations therein.

13       48.    In response to Paragraph 48 of the Complaint, as stated, Answering

14   Defendants deny the allegations therein.

15       49.    In response to Paragraph 49 of the Complaint, as stated, Answering

16   Defendants deny the allegations therein.

17       50.    In response to Paragraph 50 of the Complaint, as stated, Answering

18   Defendants deny the allegations therein.

19       51.    In response to Paragraph 51 of the Complaint, Defendant contends that

20   this Paragraph contains legal assertions regarding Plaintiff's damages which do not

21   require an answer. To the extent any response is required, such allegations are

22   denied.

23   **ANSWER TO SECOND ALLEGED CLAIM FOR RELIEF**

24   [Alleged False or Misleading Advertising – Cal. Bus. & Prof. Code § 17500 et seq.]

25       52.    In response to Paragraph 52 of the Complaint, Defendant incorporates

26   by reference each admission, denial, and allegation contained in Paragraphs 1

27   through 51 hereof as set forth at length herein.

28       53.    In response to Paragraph 53 of the Complaint, as stated, Answering

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

Defendants deny the allegations therein.

54. In response to Paragraph 54 of the Complaint, as stated, Answering Defendants deny the allegations therein.

55. In response to Paragraph 55 of the Complaint, as stated, Answering Defendants deny the allegations therein.

56. In response to Paragraph 56 of the Complaint, as stated, Answering Defendants deny the allegations therein.

57. In response to Paragraph 57 of the Complaint, as stated, Answering Defendants deny the allegations therein.

58. In response to Paragraph 58 of the Complaint, as stated, Answering Defendants deny the allegations therein.

59. In response to Paragraph 59 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding Plaintiff's damages which do not require an answer. To the extent any response is required, such allegations are denied.

## ANSWER TO THIRD ALLEGED CLAIM FOR RELIEF

[Alleged Unfair Competition – Cal. Bus. & Prof. Code § 17200 et seq. and Common Law]

60. In response to Paragraph 60 of the Complaint, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 59 hereof as set forth at length herein.

61. In response to Paragraph 61 of the Complaint, as stated, Answering Defendants deny the allegations therein.

62. In response to Paragraph 62 of the Complaint, as stated, Answering Defendants deny the allegations therein.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## ANSWER TO FOURTH ALLEGED CLAIM FOR RELIEF

[Alleged Unfair Business Practices – Cal. Bus. & Prof. Code § 17200 et seq. and Common Law]

63.    In response to Paragraph 63 of the Complaint, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 62 hereof as set forth at length herein.

64.    In response to Paragraph 64 of the Complaint, as stated, Answering Defendants deny the allegations therein.

65.    In response to Paragraph 65 of the Complaint, as stated, Answering Defendants deny the allegations therein.

## ANSWER TO FIFTH ALLEGED CLAIM FOR RELIEF
[Alleged Trade Libel]

66.    In response to Paragraph 66 of the Complaint, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 65 hereof as set forth at length herein.

67.    In response to Paragraph 67 of the Complaint, as stated, Answering Defendants deny the allegations therein.

68.    In response to Paragraph 68 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

69.    In response to Paragraph 69 of the Complaint, as stated, Answering Defendants deny the allegations therein.

70.    In response to Paragraph 70 of the Complaint, as stated, Answering Defendants deny the allegations therein.

71.    In response to Paragraph 71 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding Plaintiff's damages which do not require an answer. To the extent any response is required, such allegations are denied.

1   **ANSWER TO SIXTH ALLEGED CLAIM FOR RELIEF**

2   [Alleged Defamation]

3   72.   In response to Paragraph 72 of the Complaint, Defendant incorporates

4   by reference each admission, denial, and allegation contained in Paragraphs 1

5   through 71 hereof as set forth at length herein.

6   73.   In response to Paragraph 73 of the Complaint, as stated, Answering

7   Defendants deny the allegations therein.

8   74.   In response to Paragraph 74 of the Complaint, as stated, Answering

9   Defendants deny the allegations therein.

10   75.   In response to Paragraph 75 of the Complaint, Defendant lacks

11   sufficient knowledge or information to form a belief as to the truth of the

12   allegations, and therefore denies them.

13   76.   In response to Paragraph 76 of the Complaint, as stated, Answering

14   Defendants deny the allegations therein.

15   77.   In response to Paragraph 77 of the Complaint, as stated, Answering

16   Defendants deny the allegations therein.

17   78.   In response to Paragraph 78 of the Complaint, Defendant contends that

18   this Paragraph contains legal assertions regarding Plaintiff's damages which do not

19   require an answer. To the extent any response is required, such allegations are

20   denied.

21   79.   In response to Paragraph 79 of the Complaint, as stated, Answering

22   Defendants deny the allegations therein.

23   **ANSWER TO SEVENTH ALLEGED CLAIM FOR RELIEF**

24   [Alleged Intentional Interference with Prospective Economic Advantage]

25   80.   In response to Paragraph 80 of the Complaint, Defendant incorporates

26   by reference each admission, denial, and allegation contained in Paragraphs 1

27   through 79 hereof as set forth at length herein.

28   81.   In response to Paragraph 81 of the Complaint, Defendant lacks

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

82.   In response to Paragraph 82 of the Complaint, as stated, Answering Defendants deny the allegations therein.

83.   In response to Paragraph 83 of the Complaint, as stated, Answering Defendants deny the allegations therein.

84.   In response to Paragraph 84 of the Complaint, as stated, Answering Defendants deny the allegations therein.

85.   In response to Paragraph 85 of the Complaint, as stated, Answering Defendants deny the allegations therein.

86.   In response to Paragraph 86 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding Plaintiff's damages which do not require an answer. To the extent any response is required, such allegations are denied.

## AFFIRMATIVE DEFENSES

As a separate affirmative defense to each alleged claim for relief of the Complaint, Answering Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

87.   Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

88.   Answering Defendants refer to and incorporate by reference their Counterclaims set forth hereinbelow.

89.   Plaintiff's claims and defenses are barred by the equitable doctrine of unclean hands.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

90.     Answering Defendants refer to and incorporate by reference their Counterclaims set forth hereinbelow.

91.     Plaintiff failed to mitigate its damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

(Good Faith)

92.     Answering Defendants refer to and incorporate by reference their Counterclaims set forth hereinbelow.

93.     Defendant's actions were at all times taken in the good faith exercise in its reasonable business judgment, and were taken for valid business purposes.

**FIFTH AFFIRMATIVE DEFENSE**

(Set-Off)

94.     Answering Defendants refer to and incorporate by reference their Counterclaims set forth hereinbelow.

95.     The Complaint and each and every claim for relief contained therein is barred or offset by Plaintiff's wrongful conduct that has damaged Answering Defendants as alleged.

**SIXTH AFFIRMATIVE DEFENSE**

(Privilege)

96.     The alleged statements and purported implications are privileged under the First Amendment to the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

(Superseding, Independent Cause)

97.     Plaintiff's claim for damages were caused by the superseding, intervening and/or independent negligent or intentional misconduct of others, including, but not limited to, Plaintiff, and were not the result of any acts or omissions of Defendant.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

98.   Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

### (Causation by Others)

99.   Plaintiff's claims, in whole or in part, are barred because any alleged losses, damages, or other harm was proximately caused by persons or entities other than Defendants, and any liability otherwise attributable to Defendants should be eliminated or reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Privilege)

100.   Plaintiff's claim for intentional interference with prospective economic advantage is barred by the competition privilege.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

101.   Plaintiff's claims and defenses are barred by the equitable doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

102.   Defendant hereby gives notice that it intends to rely upon such other defenses as may become apparent in the course of discovery in this action, and reserves the right to amend its Answer to assert any such defenses.

## PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

A.   That Plaintiff takes nothing by way of its Complaint;

B.   That Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor of Defendants;

1       C.      That Defendants be awarded costs of suit incurred in this action;

2       D.      That Defendants be awarded Attorneys' Fees to the extent allowed by

3 law; and

4       E.      For such other and further relief as the Court deems just and proper.

5 / / /

6 / / /

7 / / /

8 / / /

9 / / /

10 / / /

11 / / /

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## COUNTERCLAIMS

Defendant Regal Assets, LLC ("Regal Assets"), by its attorneys, hereby submits its counterclaims and alleges as follows:

## I.

## NATURE OF THE ACTION

1.    Regal Assets and counter-defendant American Bullion ("American Bullion") are competitors in the field of adding gold or other precious metals to clients' individual retirement accounts, as well as converting existing retirement accounts into precious metals. However, unlike American Bullion, Regal does not recommend collectible coins as investments that are not worth their value in gold or silver.  Upon information and belief, American Bullion and its officers/owners, counter-defendants Brian Ozkan, Nevtan Akcora, Brian Meert, and Roes 1-5 (jointly and severally, the "Individual Counter-Defendants," and collectively, with American Bullion and Roes 6-10, "Counter-Defendants") have responded to Regal Assets success in the marketplace by, among other things, embarking on a plan to mislead the public and divert business from Regal Assets to American Bullion.

2.    Counter-Defendants own, operate, and control websites that purport to be independent consumer review websites but, in reality, are designed to promote and advertise American Bullion and disparage its competitors, including Regal Assets. In furtherance of this goal, these websites are rife with false content, fail to disclose their connection to American Bullion, and publish fraudulent, false, misleading and defamatory reviews of Regal Assets. These websites are owned by or are registered to the Individual Counter-Defendants who are American Bullion's principals. American Bullion is *directly* guilty of the conduct it tries instead to blame *vicariously* on Regal.  Regal's allegations are based, not in belief, but evidence from objective third party sources linking American Bullion and/or its principals to the websites containing fraudulent, false, misleading and/or defamatory reviews of Regal Assets and failures to disclose their ownership by

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

American Bullion and/or its principals.

3.     Counter-Defendants actions are knowing, willful, and malicious.  They have caused, and are continuing to cause, severe and irreparable damage to Regal Assets.  Accordingly, Regal Assets is entitled to relief under the Lanham Act and California law, including injunctive relief, compensatory damages, Counter-Defendants' unjust profits, treble damages, and attorney's fees and costs.

## II.

## JURISDICTION AND VENUE

4.     This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and under California statutory and common law.

5.     This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) in that it involves an action arising under the Lanham Act, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over those claims of Regal Assets that arise under the laws of the State of California.

6.     Counter-Defendants are subject to personal jurisdiction in the State of California because the unlawful conduct complained of herein causes injury in this judicial district; Counter-Defendants have directed their activities at Regal Assets, a California Limited Liability Company; upon information and belief, American Bullion is a California Corporation with its principal place of business in California; upon information and belief, the Individual Counter-Defendants are residents of the State of California; and Counter-Defendants transact business and offer their services for sale in this judicial district.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this Counter-Complaint occurred in this judicial district; upon information and belief, American Bullion has its principal place of business in this judicial district and the Individual Counter-Defendants reside in this judicial district; and Counter-Defendants do business in

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

this judicial district.

## III.

## THE PARTIES

8.      Regal Assets is a California Limited Liability Company with its principal place of business in Los Angeles, California.

9.      Regal Assets is informed and believes, and on that basis alleges, that at all times relevant herein, American Bullion is and was a California corporation with its principal place of business in Los Angeles, CA.

10.      Regal Assets is informed and believes, and on that basis alleges that at all times relevant herein, Brian Ozkan is and was an individual residing in Los Angeles County, California and is the Chief Executive Officer and an owner of American Bullion.

11.      Regal Assets is informed and believes, and on that basis alleges that at all times relevant herein, Nevtan Akcora is and was an individual residing in Los Angeles County, California and is the President and an owner of American Bullion.

12.      Regal Assets is informed and believes, and on that basis alleges that at all times relevant herein, Brian Meert is and was an individual residing in Los Angeles County, California and is the Vice President of Internet Marketing at American Bullion.

13.      Regal Assets is unaware of the true names or capacities of the Counter-Defendants sued herein under the fictitious names Roes 1 through 10, inclusive. Regal Assets is informed and believes, and on that basis alleges, that Counter-Defendants, Roes 1 through 10, and each of them, either directly performed the acts alleged herein or were acting as the agent, principal, alter ego, employee, representative, or otherwise participated in the acts alleged herein with the other Counter-Defendants. Accordingly, Counter-Defendants and Roes 1 through 10 are each liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by Counterclaimant as

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

alleged herein.  Regal Assets will amend the Counterclaim to state the true names of defendants Roes 1 through 10 when their identities are discovered.

14.     At all times herein mentioned, each Counter-Defendant was the agent, aider and abettor, and/or co-conspirator of one or more of the other Counter-Defendants, was acting within the course and scope of the agency and/or in furtherance of such conspiracy, and aided and assisted one or more of the other defendants in committing the wrongful acts alleged herein, and is liable to Regal Assets as alleged herein.

## IV.

## GENERAL ALLEGATIONS

### A.     Regal Assets' Business and Reputation and American Bullion's Contrasting Reputation

15.     Regal Assets has been and is a trusted leader for adding gold or other precious metals to clients' individual retirement accounts (each an "IRA") and converting existing or former retirement accounts into precious metals.

16.     Regal's success is based on its outstanding reputation on third party, non-affiliate sites such as Better Business Bureau (BBB), Business Consumer Alliance (BCA), and TrustLink, where actual clients leave verified reviews about their experiences with Regal Assets.  Regal Assets currently has 522 positive reviews from real clients on TrustLink  *http://www.trustlink.org/Reviews/Regal-Assets-LLC-206068373*.  American Bullion accused Regal last year of having fake client testimonials and contacted TrustLink to take them down.  At first they got 55 removed, but after Regal verified the testimonials TrustLink put them back up.

17.     Regal Assets, LLC began operations in 2009 and was accredited by the Better Business Bureau on October 30, 2009.  Regal Assets was started with $5,000.00 dollars and a lot of hard work and persistence.  For the first year and half Tyler Gallagher, CEO of Regal, was the only employee of Regal Assets and he built the company from absolutely nothing and with no other investors.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND COUNTERCLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

18.    Regal Assets promotes itself nationally using the trade name Regal Assets.  Regal Assets also promotes and offers its services, in part, through a website using the domain name www.regalassets.com .

19.    Regal Assets generates business and promotes itself through results yielded by online search engines in response to queries from potential clients looking for precious metal IRA services.  Regal Assets also relies on word-of-mouth, including reviews and recommendations on the Internet, to generate business.

20.    Regal Assets has invested enormous time, effort, and resources advertising and promoting its high quality services under and in connection with the Regal Assets trade name, and in encouraging satisfied customers to spread the word via online reviews.

21.    Accordingly, online reviews and recommendations are extremely valuable to Regal Assets, and crucial to the continued vitality and growth of Regal Assets' business.

22.    In 2011 the reputation of Regal Assets was growing.  Mr. Gallagher came up with an idea to create an affiliate program.  After studying successful businesses Mr. Gallagher was intrigued with the story of Amazon and wanted Regal to become the Amazon of the precious metals industry.  In Mr. Gallagher's research he learned that Amazon developed an affiliate (referral) program that they built entirely in house.  In August 2011 the Regal Assets Affiliate Program was announced at an annual affiliate convention called Affiliate Summit East in New York.  This is the biggest convention held in the United States for affiliates and was an excellent place to launch Regal's affiliate program.

23.    A key factor in Regal's competitive business advantage is the direct result of the Regal Affiliate Program.  The Program is built on its own system and software, requiring over 3,000 hours of programming code from scratch over three years, and an investment of over $300,000. The programming team for the project

1    was difficult to assemble.  This was because this type of backend had never been

2    created for the financial services industry making the coding work very advanced.

3          24.    The affiliates of Regal Assets are independent contractors (per

4    **Exhibit A** attached to Gallagher Declaration filed July 23, 2014; Dkt#57-1, pp. 16-

5    63).  Regal Assets and its principals do not own them or control them, in whole or

6    in part.  Affiliates can leave the Regal Affiliate Program (and some do) and send

7    clients and client leads to competitors of Regal.

8          25.    Mr. Kelly Felix is an independent affiliate.  He is not an officer,

9    director, member, or manager.  He is not and has never been Regal's marketing

10   director or an employee or agent of Regal.  He has no control over Regal's affiliate

11   program. As something of a legend in the world of affiliate web marketing,

12   Mr. Felix's choice to be an independent affiliate of Regal gave Regal significant

13   credibility with other successful and desirable affiliates.

14         26.    Based on Regal's strong reputation and positive reviews on

15   independent, non-affiliate rating sites such as BBB, BCA, and TrustLink clients

16   continue to invest with Regal Assets, affiliate marketers continue to sign the Regal

17   Affiliate Program Agreement.

18         27.    Regal Assets monitors the compliance by affiliates from whom it

19   receives referrals with its Terms of Service, including disclosures required by the

20   Federal Trade Commission's "Guides Concerning the Use of Endorsements and

21   Testimonials in Advertising" 16 CFR Part 255 (the "FTC Guidelines").  Regal's

22   Affiliate Program Agreement, a blank copy of which is attached as **Exhibit A** to the

23   Gallagher Declaration (Dkt#57-1), contains Terms of Service in Schedule B that

24   prohibit Slanderous Promotion; Identity Confusion; Celebrity Endorsements; and

25   require Disclosure Needed.  (Dkt#57-1, **Exhibit A**, pp.16-48.)

26         28.    Regal carefully monitors compliance with its Terms of Service.  Each

27   month, Regal requires every affiliate who has generated any leads or clients the

28   previous month to list each and every website they operate.  Regal then reviews

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

1   each website listed by each affiliate for compliance with the Terms of Service and
2   Affiliate Program Agreement.  If there are violations, the Affiliate is contacted and
3   asked to remove any offending content and/or post any required disclosures.

4        29.    Similarly, if there is a complaint about any affiliate, Regal reviews the
5   website for compliance with the Terms of Service and Affiliate Program Agreement.
6   If there are violations, that affiliate is contacted and asked to remove any offending
7   content and/or post any required disclosures.  On two occasions American Bullion
8   has sent complaints to Regal about an Affiliate website.  On both occasions Regal
9   resolved the issue and did not receive any further demands from American Bullion.

10       30.    Regal also takes a step further and for any affiliate driving traffic to
11  www.regalassets.com which over 90% of our Affiliates do, Regal has a clear
12  disclosure on every single page of its website that is above the fold and in red font
13  that says:

14       *Disclosure: If you are on this website you have been sent or referred here by
15       an affiliate, agent or partner who is promoting Regal Assets. All affiliates,
16       agents and partners are compensated for referrals.
17  (A true and correct screen shot of the regalassets.com web page showing this
18  disclosure and it is attached as **Exhibit B** to the Gallagher Decl. Dkt.57-1.)

19       31.    Plaintiff American Bullion responded to the Regal Affiliate Program
20  by attempting to replicate its own affiliate marketing program.  However, American
21  Bullion took the costly and less effective approach of employing a third party to
22  provide its affiliate program.  Regal Assets' proprietary affiliate program on the
23  other hand is revenue-share based, meaning Regal not only pays for referrals (as
24  does American Bullion and other competitors), but also, Regal shares revenue
25  (commissions) based on investments actually placed with Regal.  Regal can do this
26  because of its unique, proprietary affiliate infrastructure.  It then took three years to
27  build credibility with affiliates for Regal's in-house affiliate program to work.

28       32.    Unlike American Bullion, Regal Assets does not recommend coins for

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

investment that are not worth their value in gold or silver.  Such coin sales are the source of consumer alerts and government and regulatory actions regarding alleged "bait and switch" tactics sometimes used in selling such coins.  As a result, potential clients are quite cautious about with whom they invest.  Reputation is critical to success in the precious metals investing industry.

26.    American Bullion has reputational problems stemming from nine complaints about them with the BCA that has 11,307 page views.  (See the web page attached as **Exhibit R** to Gallagher Declaration (Dkt.#90).  It shows 11,307 views of the page containing these complaints. American Bullion does not mention BCA or their BCA page on their own website (as do other companies in the industry), so these page views are by people who researched and found the BCA page on their own. The review, *http://www.businessconsumeralliance.org/report/american-bullion-100101260* has verified American Bullion clients accusing them of running a bait and switch scheme that has resulted in them losing their life savings while being forced into overpriced collectable coins.  These reviews do not help American Bullion gain and retain clients.  This tactic is similar to one used by a company (Tiger Financial Group) formerly operated by Counter-Defendant Ozkan, now CEO of American Bullion.  Tiger Financial Group was a futures firm that operated out of the exact same office space American Bullion is in today.  The CEO of Tiger Financial Group was Brian Orkan Ozkan.  Mr. Ozkan is now the CEO of American Bullion (except he decided to use his middle name and last name and now goes by Orkan Ozkan).  Brian Orkan Ozkan was reportedly suspended from the National Futures Association (NFA), along with several fellow employees, for "deceptive and misleading sales solicitations and that they also recommended trades that were not in the best interest of their customers."  The NFA complaint alleged that Tiger Financial and Ozkan failed in their duty to diligently supervise Tiger's business. Tiger Financial Group had approximately 3,300 customers during 2005 and 2,900

during 2006. Eighty-four percent (84%) of its clients suffered net losses in 2005 and 91% of them experienced net losses in 2006.  Collectively, those customers experienced net losses of $39.7 million during the two year period while the firm generated $23.7 million in commissions.  The public record report containing the full story on this action is on the NFA website is at:

http://www.nfa.futures.org/BasicNet/CaseDocument.aspx?seqnum=2016.  A copy of the document from the NFA website is attached as **Exhibit AA** to the Gallagher Decl. (Dkt.#90).

### B. Counter-Defendants' Unfair and Unlawful Conduct

27.    American Bullion is also in the business of adding precious metals to clients' retirement accounts and converting existing retirement accounts into precious metals.  American Bullion also recommends collectible coins as investments which Regal does not.  American Bullion promotes itself online and generates business through results yielded by online search engines in response to queries from potential clients looking for precious metal IRA services.

28.    Unlike Regal Assets, however, which has successfully created a network of third party, independent contractors who assist in Regal Assets' marketing efforts pursuant to contractual agreements, Counter-Defendants have created, operated, and are operating a number of websites under other names for the purpose of falsely promoting itself and disparaging its competitors, including Regal Assets.  These websites are owned, operated, and controlled by one or more of the Counter-Defendants, but purport to be independent consumer review websites. These websites do include and/or have included false content and fraudulent, false, misleading and defamatory reviews of Regal Assets (hereinafter "Counter-Defendants' Offending Website(s)").

29.    On or about August 31, 2013, Regal learned that American Bullion had a web page dedicated to disparaging Regal Assets and it was posted right on their main website.  Regal investigated and found a link was posted on the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

American Bullion home page www.americanbullion.com/regal-assets-review.  In this post, American Bullion falsely accused Regal Assets of "using 16 global servers that utilized rotation scripts, cloaking scripts and safe control blocks to skim social media sites and generate rotating backlinks and a huge influx of social media likes/shares/tweets to boost their sites."  This implicates Regal Assets as part of a network of offshore internet thieves of the type being reported in the media.  (American Bullion apparently did not know that Regal already had over 2,000 affiliates world-wide.)  The attack went on to say "Regal Assets Created Fake Customer Reviews on Trustlink.org."  American Bullion went on to say, "after a closer look at these reviews, American Bullion found that many of these reviews appeared staged, or written by individuals working for Regal Assets, not independently by the customers themselves."  A copy of this content from the American Bullion website is attached as **Exhibit CC** to the Gallagher Declaration filed August 4, 2014 (Dkt.#90).

30.    American Bullion also attacked the Regal Assets Facebook page https://www.facebook.comaff/RegalAssets claiming most Facebook likes are from Amman, Irbid in Jordon and that Regal Assets created fake Facebook fans.  Again this was not true.  Finally they ended their attack saying "we encourage you to voice your disappointment on the Regal Assets Google and Regal Assets Yelp pages."

31.    This online attack was followed by a review about Regal from Brian Meert (American Bullion's Vice President of Internet Marketing) which was posted on Regal's TrustLink page http://www.trustlink.org/Reviews/Regal-Assets-LLC-206068373.  This defamatory TrustLink post was tied to Brian Meert who used his real TrustLink account.  The attack from Brian Meert was not screen captured on TrustLink but the e-mail to TrustLink regarding the post was. Regal wrote to TrustLink to complain.  A true and correct copy of Mr. Gallagher's e-mail of September 2, 2013 is attached to the Gallagher Declaration filed August 4, 2014

(Dkt.#90) as **Exhibit DD**.

32.     Following the attack on Regal Assets on TrustLink, Brian Meert used Yelp to continue attacking Regal.  Brian Meert's defamatory post on Yelp stated:

"I was shocked when it came to my attention that Regal Assets has been using sketchy tactics to mislead consumers into thinking they are the recommended choice for Gold IRAs.  Please read the following article before entrusting Regal with your retirement account.

http://www.americanbullion.com/regal-assets-reviews-warning/."

Thus, American Bullion's own Vice President of Internet Marketing posted falsehoods on Yelp in order to direct Regal's potential clients to their website where the Counter-Defendants defamed and disparaged Regal.  Attached to the Gallagher Declaration filed August 4, 2014 (Dkt.#90) as **Exhibit EE** is a copy of the Yelp attack posted by Brian Meert.

33.     These attacks hurt Regal.  It was not long before Regal started receiving concerned e-mails from actual and potential clients and affiliates.

34.     Regal's counsel sent a cease and desist letter via electronic mail and certified mail to American Bullion on September 3, 2013.  A true and correct copy of this letter is attached to the Gallagher Declaration filed August 4, 2014 (Dkt.#90) as **Exhibit FF**.  American Bullion failed to comply.

35.     More recently, Regal uncovered several websites *directly linked to Counter-Defendants*.  These are not merely internet marketing "affiliates" or independent contractors of American Bullion.  They are sites actually registered to, owned and/or controlled by Individual Counter-Defendants and/or contain identical content to sites registered to, owned and/or controlled by Individual Counter-Defendants. These are not merely internet marketing  "affiliates" of American Bullion.  In particular, Brian Orkan Ozkan the CEO of American Bullion and Nevtan Akcora the President of American Bullion own and operate the domain www.goldirareviews.com (among probably several others).  However, Mr. Akcora

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   removed his name from the public record associating him with this site.  But with

2   Domain Tools, the connection is still a matter of public record.  Attached to the

3   Gallagher Declaration filed August 4, 2014 (Dkt.#90) as **Exhibit GG** is a true and

4   correct copy of a screen shot from Domain Tools containing the public record

5   linking Mr. Akcora to the www.goldirareviews.com website.  The website was later

6   taken down.  However, copies made before they were removed and others

7   preserved on waybackmachine.com, show the offending content that appeared on

8   the site in 2013 and earlier in 2014.  Attached to the Gallagher Declaration filed

9   August 4, 2014 (Dkt.#90) as **Exhibits HH, II, JJ, KK, LL, MM, and NN** are true

10  and correct copies of the pages that were removed (conveniently before American

11  Bullion filed suit against Regal) from www.goldirareviews.com.

12          36.     On the home page of www.goldirareviews.com it starts off with an

13  outstanding comment about American Bullion and says "American Bullion was the

14  clear winner of the Top 10 Gold IRA Companies, with the highest ratings over

15  when comparing all categories."  One of the first issues with this website is that it

16  appears to be missing a disclosure compliant with the FTC Guidelines.  It is

17  nowhere to be seen above the fold.  Every review has a picture of a man with his

18  arms crossed and the statement "Speak with a gold IRA expert now call 1-800-992-

19  3796" giving the impression that calling that number connects the reader to the

20  company being reviewed.  Instead, the number connects to "American Bullion."

21  That number is also associated with American Bullion on the radio schedule for the

22  Lou Dobbs show in 2013, listing American Bullion along with the above phone

23  number 1-800-992-3796.  Attached to the Gallagher Declaration filed August 4,

24  2014 (Dkt.#90) as **Exhibit OO** is a true and correct screen shot of the radio

25  schedule for the Lou Dobbs show.

26          37.     Once you get to the bottom of each review page there is a statement

27  that says "Disclaimer: All reviews listed above are a reference.

28  GoldIRAReviews.com does not own the reviews posted on these sites and

information listed may be updated and/or changed without being updated on GoldIRAReviews.com".  This is not only confusing and not compliant with FTC Guidelines, but it is also deliberately misleading given that principals of American Bullion owned the website.

38.     The reviews themselves are highly critical of American Bullion's competitors.  The review of Regal Assets states "Lack of long-term company history and the use of non-traditional depositories keep it from a higher rating." Yet Regal was started before American Bullion.  The review of Lear Capital goes on to say "High quantity reviews, but many negative, lack of industry certifications, not US mint certified, higher mark-up & fees." The review of Merit Gold states: "There was little that stood out in reference to why we should use Merit Gold over another company." It goes on further to say "I didn't see Merit Gold listed, which raised a red flag for the review." Finally with the review of Goldline they state: "Their Gold IRA program is competitive but falters with slow processing times, lack of positive reviews kept it from a higher over rating" and near the end of the review they bring up the government action that was taken against Goldline.  The site contains an awards page on which (of course) American Bullion is ranked first, all without disclosing that the president of American Bullion owned the site.

39.     There are "live" websites that employ the identical content as that owned or controlled by Counter-Defendants.  These websites include use of fake reviewers, misleading 800 number placement (which numbers connect to American Bullion) and lack proper disclosures required by the FTC Guidelines.  It is probable these websites are also registered to, owned and/or controlled by Individual Counter-Defendants.

40.     Counter-Defendants' Offending Websites are fraudulent, unfair and misleading in the following respects, among others subject to proof:

a.     **Counter-Defendants' Offending Websites are not in any sense independent "affiliates."**  As detailed above and subject

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

30238-00002/2229012.5                          27                          AMENDED ANSWER AND COUNTERCLAIMS

to additional proof, Counter-Defendants' Offending Websites present themselves as independent websites that provide reviews of precious metal companies in an effort to inform consumers of their choices.  Counter-Defendants' Offending Websites are not in any sense independent and are, in fact, owned, operated and controlled by one or more of the Counter-Defendants.  More recently, Counter-Defendants have begun to take steps to cover up the full nature of their direct ownership, operation, and control over Counter-Defendants' Offending Websites.

b. **Counter-Defendants' Offending Websites fail to adequately disclose their connection to American Bullion.**  As detailed above and subject to additional proof, Counter-Defendants' Offending Websites fail to adequately disclose that they are owned, operated, and/or controlled by one or more of the Counter-Defendants. Counter-Defendants' Offending Websites contain no disclosure whatsoever of their connection to American Bullion, while other of Counter-Defendants' Offending Websites take affirmative steps to make it appear that they have no connection by using false names and other tactics. To the extent that Counter-Defendants' Offending Websites use disclaimers, they are confusing and fail to comply with existing guidelines and are misleading in their failure to disclose American Bullion's direct connection to each of Counter-Defendants' Offending Websites. Again, Cross-Defendants' Offending Websites are not merely internet marketing "affiliates" or independent contractors of American Bullion (unlike the "Regal Affiliates" who are independent contractors of Regal but for whose alleged acts Regal is nevertheless being sued by

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   American Bullion).

2   c.   **Counter-Defendants' Offending Websites contain false**

3   **content.** As detailed above and subject to additional proof,

4   Counter-Defendants use false content in an effort to gain the

5   trust of consumers and thereby fraudulently convince consumers

6   to use American Bullion and not Regal Assets.

7   d.   **Counter-Defendants' Offending Websites disparage and**

8   **defame Regal Assets in order to divert business and actual**

9   **independent affiliates to American Bullion.** Counter-

10   Defendants' Offending Websites discuss investing in precious

11   metals, identify certain of the companies in the field, and then

12   purport to independently review and compare the companies to

13   each other.  To this end, each of Counter-Defendants' Offending

14   Websites will typically include a "review" of Regal Assets that

15   is designed to read like a genuine independent review when,

16   American Bullion and/or one or more of its principals has

17   directed, drafted and/or selected what content to include.  The

18   reviews of Regal Assets are negative and sometimes even

19   include false, disparaging and defamatory statements about

20   Regal Assets.

21   e.   As detailed above and subject to additional proof, the "reviewer"

22   then gives American Bullion a glowing review and a fake

23   recommendation.

24   f.   As detailed above and subject to additional proof, on many

25   Counter-Defendants' Offending Websites, a recommendation of

26   American Bullion and a link directing users to American

27   Bullion's website is included with the review of Regal Assets.

28   These reviews are either literally false or implicitly false in the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

1  sense that the website falsely states or implies that it is

2  independent when it is not and then disparages Regal Assets,

3  while lauding American Bullion, thereby creating the

4  impression that an independent reviewer is recommending

5  American Bullion over Regal Assets when, in reality, the

6  reviewer is simply one or more of the Counter-Defendants.

7  41.   These statements are false.

8  42.   Counter-Defendants know these statements are false, but Counter-

9  Defendants are making them as part of the business plans and tactics set forth

10  herein, and, thus, are knowing and malicious.

11  **C.   Counter-Defendants use Regal Assets' trade name to divert**

12  **consumers to American Bullion.**

13  43.   Counter-Defendants have used Regal Assets' name to divert

14  consumers to American Bullion through toll-free numbers that misleadingly take a

15  prospective customer to American Bullion and are answered by American Bullion.

16  **D.   Counter-Defendants Efforts to Poach Regal Assets' Affiliates and**

17  **Potential Affiliates.**

18  44.   In addition to disparaging and defaming Regal Assets with actual and

19  potential customers, Counter-Defendants' conduct has interfered with actual

20  contractual and prospective business relationships with independent internet

21  affiliate marketers.  American Bullion has used these attacks, and its lawsuit against

22  Regal Assets to solicit affiliates that have signed the Regal Assets Affiliate Program

23  Agreement with Regal Assets.  American Bullion is aware of the contents of the

24  Regal Assets Affiliate Program Agreement, including the limitation on marketing

25  for businesses that compete with Regal Assets.  Yet American Bullion has solicited

26  and continues to solicit affiliates who are independent contractors of Regal Assets

27  to become affiliates of American Bullion.  In addition, American Bullion solicits

28  prospective independent affiliates of Regal Assets to be American Bullion affiliates

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

1    instead of Regal Assets affiliates.

2       45.   On November 21, 2013, and again on February 5, 2014, Regal Assets'

3    counsel wrote to American Bullion demanding it cease and desist from its

4    attempted poaching of affiliates.  American Bullion failed to comply.

5       **E.    Regal Assets Has Been Harmed And Continues To Be Harmed By**

6       **American Bullion's Wrongdoing.**

7       46.   Regal Assets is informed and believes, and on that basis alleges, that

8    Counter-Defendants' statements and conduct referenced herein has generated

9    additional sales, clients, and affiliates for American Bullion, according to proof.

10      47.   Upon information and belief, Counter-Defendants' statements and

11   conduct have driven Internet traffic, clients, and internet marketing affiliates away

12   from Regal Assets, because customers and internet marketing affiliates are likely to

13   believe the misleading statements in the reviews or simply will not take the time to

14   navigate back to Regal Assets' website after being falsely directed to American

15   Bullion Assets instead.

16      48.   Regal Assets has been damaged as a direct result of Counter-

17   Defendants' false and misleading statements and "reviews" on their Offending

18   Websites, and these false statements have injured Regal Assets' business reputation

19   and goodwill.

20                                **V.**

21                   **COUNTERCLAIMS FOR RELIEF**

22                    **FIRST CLAIM FOR RELIEF**

23           [False or Misleading Advertising — 15 U.S.C. § 1125(a)]

24                   [Against All Counter-Defendants]

25      49.   Regal Assets realleges each and every allegation set forth in

26   Paragraphs 1 through 48, inclusive, and incorporates them by reference herein.

27      50.   Counter-Defendants have created and are operating websites in a

28   manner designed to mislead the public and divert potential clients from Regal

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Assets to American Bullion through the use of websites that purport to be independent consumer review websites but, in reality, are transparently designed to promote American Bullion and disparage its competitors, including Regal Assets.

51. In furtherance of this goal, these websites are rife with false content, fail to disclose their connection to American Bullion, and publish statements about Regal Assets and its business practices that are literally false, or if not literally false, are likely to deceive or confuse customers or prospective customers regarding the nature, characteristics, or quality of the services offered by Regal Assets.

52. Counter-Defendants have made these false and misleading statements in the course of advertising their own services.

53. These statements have or are likely to mislead or confuse consumers.

54. Regal Assets has already been, and is likely to be injured as a result of the foregoing false statements, by a direct diversion of sales to American Bullion, in an amount to be determined at trial, and by a lessening of its good will, in an amount to be determined at trial.

55. Unless enjoined, Counter-Defendants' actions will continue to cause substantial injury to Regal Assets. Accordingly, Regal Assets is entitled to monetary and equitable relief.

56. Because this is an exceptional case involving calculated and willful misconduct by Counter-Defendants, Regal Assets is entitled to recover treble damages, treble profits, and attorneys' fees under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

[False or Misleading Advertising —Cal. Bus. & Prof. Code § 17500 *et seq.]*

[Against All Counter-Defendants]

57. Regal Assets realleges each and every allegation set forth in Paragraphs 1 through 48, inclusive, and incorporates them by reference herein.

58. Counter-Defendants have created and are operating websites in a manner designed to mislead the public and divert potential clients from Regal

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Assets to American Bullion through the use of websites that purport to be independent consumer review websites but, in reality, are transparently designed to promote American Bullion and disparage its competitors, including Regal Assets.

59.     In furtherance of this goal, these websites are rife with false content, fail to disclose their connection to American Bullion, and publish statements about Regal Assets and its business practices that are untrue and misleading.

60.     Counter-Defendants made these false and misleading statements in the course of advertising their own services.

61.     Past and prospective customers were or are likely to be deceived by these statements, as they will likely consider the statements made about Regal Assets to be negative, and the statements made are likely to influence the consumer's decision as to whether to use Regal Assets' service.

62.     Regal Assets has already been, and is likely to be injured as a result of the foregoing false statements, by a direct diversion of sales to American Bullion, in an amount to be determined at trial, and by a lessening of its good will, in an amount to be determined at trial.

63.     Unless enjoined, Counter-Defendants' actions will continue to cause substantial injury to Regal Assets.  Accordingly, Regal Assets is entitled to monetary and equitable relief.

64.     In addition to damages for lost sales, Regal Assets is entitled to punitive damages pursuant to California Civil Code § 3294 because Counter-Defendants acted with actual malice, in an amount to be decided by the jury at trial.

### THIRD CLAIM FOR RELIEF

[Unfair Competition — Cal. Bus. & Prof. Code § 17200 et seq. and Common Law]

[Against All Counter-Defendants]

65.     Regal Assets realleges each and every allegation set forth in Paragraphs 1 through 48, inclusive, and incorporates them by reference herein.

66.     Based on the acts described herein, including but not limited to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Counter-Defendants' knowing publication and distribution of false, misleading, and defamatory statements about Regal Assets and its business practices, Counter-Defendants have engaged in unlawful business practices, including in violation of California Business and Professions Code § 17200 *et seq.* and California common law.

67.     As a result of Counter-Defendants' aforesaid conduct, Regal Assets has suffered substantial damage and irreparable harm constituting an injury for which Regal Assets has no adequate remedy at law. Unless this Court enjoins Counter-Defendants' conduct, Regal Assets will continue to suffer irreparable harm. Regal Assets also has suffered loss of profits and other damages as a result of Counter-Defendants' aforesaid conduct. Accordingly, Regal Assets is entitled to preliminary and permanent injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.  On the statutory unfair competition claim, Regal Assets seeks only disgorgement of profits and does not seek damages at law.

## FOURTH CLAIM FOR RELIEF

[Unfair Business Practices — Cal. Bus. & Prof. Code § 17200 *et seq.*

and Common Law]

[Against All Defendants]

68.     Regal Assets realleges each and every allegation set forth in Paragraphs 1 through 48, inclusive, and incorporates them by reference herein.

69.     Counter-Defendants' acts complained of herein, including but not limited to Counter-Defendants' knowing publication and distribution of false, misleading, and defamatory statements about Regal Assets and its business practices, which were intended to direct business to American Bullion.  These statements unfairly affected Regal Assets' business opportunities and fraudulently deceived customers shopping for precious metals services on the internet.

70.     As a result of Counter-Defendants' aforesaid conduct, Regal Assets has suffered substantial damage and irreparable harm constituting an injury for

1   which Regal Assets has no adequate remedy at law. Unless this Court enjoins

2   Counter-Defendants' conduct, Regal Assets will continue to suffer irreparable harm.

3   Regal Assets also has suffered loss of profits and other damages as a result of

4   Counter-Defendants' aforesaid conduct.  Accordingly, Regal Assets is entitled to

5   preliminary and permanent injunctive relief pursuant to Cal. Bus. & Prof. Code §

6   17203.  On the statutory business practices claim, Regal Assets seeks only

7   disgorgement of profits and does not seek damages at law.

### FIFTH CLAIM FOR RELIEF

[Trade Libel]

10   71.    Regal Assets realleges each and every allegation set forth in

11   Paragraphs 1 through 48, inclusive, and incorporates them by reference herein.

12   72.    Defendants have made and continue to make false and disparaging

13   statements, including but not limited to those statements identified in paragraph 40

14   above, as well as others to be proven at trial.

15   73.    Each of these statements was published on a website accessible

16   worldwide and accessed by others.

17   74.    Regal Assets has already been, and is likely to be injured as a result of

18   the foregoing false statements, as these statements induce and exhort others not to

19   do business with Regal Assets.

20   75.    As a direct and proximate result of Counter-Defendants' above-

21   described disparaging publications, Regal Assets has sustained pecuniary loss in an

22   amount to be determined at trial. Regal Assets has also suffered substantial damage

23   and irreparable harm constituting an injury for which Regal Assets has no adequate

24   remedy at law.  Unless this Court enjoins Counter-Defendants' conduct, Regal

25   Assets will continue to suffer irreparable harm.

26   76.    In addition to damages for lost sales, Regal Assets is entitled to

27   punitive damages pursuant to California Civil Code § 3294 because Counter-

28   Defendants acted with actual malice, in an amount to be decided by the jury at trial.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**SIXTH CLAIM FOR RELIEF**

[Defamation]

77.     Regal Assets realleges each and every allegation set forth in Paragraphs 1 through 48, inclusive, and incorporates them by reference herein.

78.     Counter-Defendants have made and continue to make false and disparaging statements, including but not limited to those statements identified in paragraph 40 above, as well as others to be proven at trial.

79.     Counter-Defendants had knowledge of the statements' falsity or acted with malice and/or reckless disregard for their falsity when they were made.

80.     The defamatory statements were published on websites available worldwide, including in this judicial district.

81.     By reason of the false and defamatory statements published by Counter-Defendants, Regal Assets has been injured in its good name, reputation and business, portrayed in a false light and has been brought into disgrace and disrepute.

82.     As a direct and proximate result of Counter-Defendants' above-described defamatory publications, Regal Assets has sustained damages in an amount to be determined at trial.

83.     Counter-Defendants' above-described publications were done with fraud and malice and were intended to cause injury to Regal Assets.  Regal Assets is, therefore, entitled to an award of punitive damages pursuant to California Civil Code § 3294.

84.     Counter-Defendants' acts have caused, and will continue to cause, irreparable injury to Regal Assets.  Regal Assets has no adequate remedy at law and unless this Court enjoins Counter-Defendants' conduct, Regal Assets will continue to suffer irreparable harm.

AMENDED ANSWER AND
COUNTERCLAIMS

1

**SEVENTH CLAIM FOR RELIEF**

2

[Intentional Interference With Prospective Economic Advantage]

3    85.    Regal Assets realleges each and every allegation set forth in

4  Paragraphs 1 through 48, inclusive, and incorporates them by reference herein.

5    86.    Regal Assets had a reasonable probability of a prospective economic

6  relationship with future customers seeking to invest in precious metals or convert

7  their individual retirement accounts into precious metals, and a reasonable

8  probability of a continuing economic relationship with its existing customers.

9    87.    Counter-Defendants knew of the prospective and ongoing relationship

10  between Regal Assets and its customers, and intended to disrupt that relationship.

11    88.    Through the reviews and other false, misleading, statements or

12  activities on certain websites, Counter-Defendants intentionally, wrongfully, and

13  proximately caused disruptions in these prospective and ongoing relationships.

14    89.    Counter-Defendants' intentionally wrongful actions disrupted Regal

15  Assets' relationship with its existing customers and caused Regal Assets to lose

16  prospective customers, in an amount to be proven at trial, and Regal Assets suffered

17  harm to its reputation, in an amount to be determined at trial.

18    90.    Counter-Defendants' acts have caused, and will continue to cause,

19  irreparable injury to Regal Assets.  Regal Assets has no adequate remedy at law and

20  unless this Court enjoins Counter-Defendants' conduct, Regal Assets will continue

21  to suffer irreparable harm.

22    91.    Counter-Defendants' acts described above were performed with

23  oppression, fraud, and malice.  Accordingly, Regal Assets is entitled to punitive

24  damages under California Civil Code § 3294 in an amount to be proven at trial.

25

EIGHTH CLAIM FOR RELIEF

26

[Intentional Interference with Contractual Relations]

27    92.    Regal Assets realleges each and every allegation set forth in

28  Paragraphs 1 through 48, inclusive, and incorporates them by reference herein.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

93.     Regal Assets enters into an Affiliate Program Agreement (the "Agreement") with its affiliates.  Among other things, the Agreement includes a "non-compete" provision that precluded the affiliates from being involved with any competitor of Regal Assets during the term of the Agreement.

94.     Counter-Defendants were aware that the affiliates of Regal entered into the Agreement with Regal Assets. Counter-Defendants also were aware that the Agreement contains the aforementioned non-compete provision.

95.     Counter-Defendants intentionally engaged in acts designed to induce a breach or disruption of the Agreements between Regal Assets and its independent contractor affiliates, including but not limited to contacting, directly and through third parties, Regal Assets' affiliates in an attempt, among other things, to get them to stop promoting Regal Assets and become affiliates who promote American Bullion.

96.     Regal Assets' prior counsel sent American Bullion cease and desist letters on November 21, 2013 and February 5, 2014 demanding that Counter-Defendants stop interfering with the contractual relationships between Regal Assets and its affiliates.  Counter-Defendants failed to comply.

97.     Counter-Defendants' actions disrupted the contractual relationships between Regal Assets and its affiliates by, among other things, forcing Regal Assets to increase payouts to its affiliates in order to keep them from leaving for competitors, including American Bullion. This made performance of the Agreement more expensive and more burdensome for Regal Assets. To the extent any affiliate actually leaves Regal, Regal will be further damaged in amounts that are difficult to ascertain.

98.     Counter-Defendants' actions have caused and will continue to cause Regal Assets damages, including but not limited to, the increased payouts to Regal Affiliates.

99.     Counter-Defendant's actions have caused, and will continue to cause,

1  irreparable injury to Regal Assets. Regal Assets has no adequate remedy at law and

2  unless this Court enjoins Counter-Defendant's conduct, Regal Assets will continue

3  to suffer irreparable harm.

4      100.   Counter-Defendants' actions described above were performed with

5  oppression, fraud, and malice. Accordingly, Regal Assets is entitled to punitive

6  damages under California Civil Code § 3294 in an amount to be proven at trial.

7                                    **VI.**

8                           **PRAYER FOR RELIEF**

9      WHEREFORE, Regal Assets respectfully requests judgment against

10  Counter-Defendants as follows:

11      A.     Directing Counter-Defendants to remove or ensure the removal of any

12  and all references to Regal Assets, including reviews and use of the Regal Assets

13  trade name, from all websites owned by Counter-Defendants;

14      B.     Temporarily , preliminarily, and permanently enjoining Counter-

15  Defendants, and all persons acting in concert with them, from engaging in any

16  unfair or unlawful activity, including but not limited to using or permitting the use

17  of the Regal Assets trade name or otherwise referring to or referencing Regal

18  Assets, including reviews, on any website owned or controlled by Counter-

19  Defendants, and soliciting affiliates of Regal Assets;

20      C.     Awarding Regal Assets its actual damages in an amount to be proven

21  at trial;

22      D.     Awarding Regal Assets any and all profits earned by Counter-

23  Defendants by reason of the unlawful acts complained of herein as provided by law;

24      E.     Awarding Regal Assets exemplary damages, including punitive and

25  treble damages, for Counter-Defendants' willful and malicious behavior and as

26  provided by law;

27      F.     Awarding Regal Assets its reasonable attorneys' fees, prejudgment

28  interest, and costs of suit as provided by law; and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS

G.    Such other relief as the Court may deem just and proper.

DATED:  August 11, 2014          GREENBERG GLUSKER FIELDS CLAMAN &
                                 MACHTINGER LLP


                                 By: */s/ Bernard M. Resser*
                                     BERNARD M. RESSER (SBN 92873)
                                     PAUL A. BLECHNER (SBN 159514)
                                     STEVEN A. STEIN (SBN 287401)
                                 Attorneys for Defendant and Counterclaimant
                                 REGAL ASSETS, LLC and Defendant TYLER
                                 GALLAGHER

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant and Counterclaimant Regal Assets, LLC and Defendant Tyler Gallagher demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-11.


DATED:  August 11, 2014              GREENBERG GLUSKER FIELDS
                                     CLAMAN & MACHTINGER LLP


                            By:*/s/ Bernard M. Resser*
                                BERNARD M. RESSER (SBN 92873)
                                PAUL A. BLECHNER (SBN 159514)
                                STEVEN A. STEIN (SBN 287401)
                            Attorneys for Defendant and
                            Counterclaimant REGAL ASSETS, LLC and
                            Defendant TYLER GALLAGHER

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

AMENDED ANSWER AND
COUNTERCLAIMS