UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN BULLION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>REGAL ASSETS, LLC; Tyler Gallagher, an individual; Kelly Felix, an individual; and Does 1-10, inclusive,<br><br>Defendants. | CASE NO. CV14-01873 DDP(ASx)<br><br>The Honorable Dean D. Pregerson<br><br>**ORDER RE:  PRELIMINARY INJUNCTION AGAINST DEFENDANTS REGAL ASSETS, LLC AND TYLER GALLAGHER**<br><br>Date:          August 18, 2014<br>Time:         10:00 AM<br>Ctrm:         3 |

cc: FISCAL

Mitchell
Silberberg &
Knupp LLP

6277706.3

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**
**AGAINST REGAL AND GALLAGHER**

1    On October 6, 2014, Plaintiff American Bullion, Inc.'s ("Plaintiff" or

2  "American Bullion") Motion for a Preliminary Injunction against Defendants

3  Regal Assets, LLC and Tyler Gallagher (collectively, "Defendants") was argued

4  before this Court.  After full consideration of the parties' briefs, the arguments of

5  counsel, and all other matters and evidence presented to the Court, the Court finds

6  that appropriate grounds exist for granting the Motion and issuing a Preliminary

7  Injunction, as discussed in the Court's separate Order.

8

9    THUS, IT IS HEREBY ORDERED THAT Plaintiff's Motion for a

10  Preliminary Injunction is GRANTED and the Court makes the following Order:

11

12

13  **I.    DEFINITIONS**

14    For purposes of this Order, the following terms are defined as such:

15

16    A.    **Regal's Affiliate Program**: the program operated, controlled and

17  directed by Defendants Regal Assets, LLC and Tyler Gallagher, through which

18  Defendants solicit and incentivize Regal Site operators to recommend Defendants

19  and refer customers and potential customers to Defendants.

20    B.    **Regal Affiliate Agreement**: the agreement that Defendant Regal

21  Assets, LLC requires persons or entities to sign in order to participate in Regal's

22  Affiliate Program.

23    C.    **Regal Site(s)**:  any and all websites, blogs, reviews, online videos,

24  postings, and other online content that have been created by any individual or

25  entity that has registered or otherwise become a part of Regal's Affiliate Program

26  <u>and</u> which contain any content identified in Schedule A.

27

28

Mitchell
Silberberg &
Knupp LLP

6277706.3

1

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION
AGAINST REGAL AND GALLAGHER**

## II.   DELETION/REFORMATION OF REGAL SITES

Defendants are hereby ordered to do the following:

**A.**   **Web Content/Regal Sites Under Defendants' Direct Control:**

    1.   Defendants shall within 7 days of the entry of this Order and service on the parties/counsel through the CM/ECF system delete or cause to be deleted any websites, blogs, reviews, online videos, postings, and other online content, under Defendants' respective or joint control, unless and until the content identified in Schedule A is removed from such websites.  (A website or other webpage or other internet content shall be deemed to be within Defendants' direct control if Defendants, or either of them, have administrative rights or otherwise possess the power to modify the content of such sites/pages/content.)

    2.   Defendants and all persons acting under their respective or joint direction or control (including but not limited to agents, representatives, or employees), shall immediately cease and desist from (1) creating, (2) causing to be created, or (3) providing content to or otherwise aiding or abetting the creation of any new websites, webpages, blogs, reviews, postings, or other online content that include any of the content set forth in Schedule A.

**B.**   **Web Content/Regal Sites Not Under Defendants' Direct Control:**

    1.   Defendants shall **immediately** cease making any payment to any Regal Site operator unless and until all of the content

Mitchell
Silberg &
Knupp LLP

6277706.3

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION
AGAINST REGAL AND GALLAGHER**

1    identified in Schedule A is removed.

2    2.    Defendants shall not make any further payment now or in the

3    future on account of any referrals or leads, or any other

4    activities that would otherwise call for Defendants or either of

5    them to make a payment to the Regal Site operator, provided

6    during the period that the Regal Site contained any content

7    identified in Schedule A.   Defendants may begin paying

8    referral fees and otherwise compensating Regal Site operators

9    for referring customers once, but only once the content

10    identified on Schedule A is eliminated for such Regal Site.  The

11    customer or lead must have visited the Regal Site and been

12    referred after all of the Schedule A content was removed in

13    order for payment to be allowed.

14    3.    Defendants shall send a written communication by email or

15    U.S. Mail (return receipt requested) to each Regal Site operator

16    stating the following:

17

18    "Regal Assets, LLC and its CEO/owner, Tyler Gallagher, were
     ordered by the United States District Court for the Central
19    District of California to advise you of the following:

20    Regal Assets, LLC and Tyler Gallagher were sued by American
     Bullion, Inc. for creating websites or facilitating the creation of
21    websites and other online content that

22    (a) used stock photos, pictures of dead people available online,
     made-up quotes, and made-up people to make these websites
23    look more natural/authentic and trustworthy, as well as suggest
     the existence of satisfied customers and qualified, experienced,
24    independent reviewers who did not in fact exist,

25    (b) included biased reviews and other information that bad-
     mouthed our competitors and lauded and recommended Regal
26    Assets, LLC without disclosing that Regal Assets, LLC would
     profit from publishing these biased reviews, and

27    (c) included knowingly defamatory and false information and
     material regarding American Bullion, Inc., among other persons

28

Mitchell
Silberberg &
Knupp LLP

6277706.3

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**
**AGAINST REGAL AND GALLAGHER**

– all for the purpose of directing customers away from our competitors and to Regal Assets, LLC.

While no final determination has been made, the Court has determined that American Bullion, Inc. is likely to prevail on its claims against Regal Assets, LLC and Tyler Gallagher and that the dissemination of this information is causing irreparable harm to American Bullion, Inc.  As such, pending a trial and final judgment, Regal Assets, LLC and Tyler Gallagher have been ordered to remove all such content under their control from the internet, to cease facilitating its dissemination through the Regal Affiliate Program, and to cease paying Regal advertising affiliates for the leads/customers/sales they generate on account of such material.

Regal Assets, LLC has been ordered to cease paying referral fees or any other compensation to any affiliate sites that continue to post such materials in violation of the restrictions set forth in Schedule A (attached hereto).

Regal Assets, LLC and Tyler Gallagher request that you comply and eliminate all of the content set forth in Schedule A from your Regal affiliate site – either by deleting the material or conforming your website, webpage, blog, online video, posting, and other online video content within 48 hours of receipt of this communication.  Please respond to this communication and advise whether you will comply with this request.  Our request is time sensitive so please respond as soon as possible and in any event within 48 hours of receipt.

Signed:  Regal Assets, LLC and Tyler Gallagher"

4.    This communication shall include a copy of this Order.

5.    If and to the extent any Regal Site operator, owner or administrator fails to delete the material set forth in Schedule A within 14 days of the entry of this Order and service on the parties/counsel through the CM/ECF system, Defendants shall suspend such person or entity's participation in Regal's Affiliate Program pending the final adjudication of Plaintiff's claims or further order of this Court.  This provision shall apply whether the Regal Site operator refuses to remove the material

[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION
AGAINST REGAL AND GALLAGHER

Mitchell
Silberberg &
Knupp LLP

6277706.3

1                   in response to Defendants' written request, is non-responsive,

2                   or cannot be reached.

3

4 **III.  UNDERTAKING BY PLAINTIFF**

5             Plaintiff shall post an undertaking of $100,000.00.

6

7

8       IT IS SO ORDERED.

9 DATED: NOVEMBER 17, 2014

10

11                                            _____

12                                          Honorable Dean D. Pregerson
                                         United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell Silberberg & Knupp LLP

6277706.3

5

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION
AGAINST REGAL AND GALLAGHER**

# SCHEDULE A

# SCHEDULE A

1. Statements that expressly or by implication indicate that American Bullion, Inc. is the same company as or is in any way related or affiliated with American Bullion Exchange.

2. Statements that expressly or by implication indicate that the owner of American Bullion Exchange, Ryan Nassbridges, is the owner of or in any way related to American Bullion, Inc.

3. References, comments, opinions, or reviews about American Bullion, Inc., it services, employees, directors, principals, or officers unless such online content includes the clear and conspicuous disclosure of the material relationship between the content provider and Regal Assets, LLC set forth in Paragraph 8.

4. References, comments, opinions, or reviews about Regal Assets, LLC, it services, employees, directors, principals, or officers unless such online content includes the clear and conspicuous disclosure of the material relationship between the content provider and Regal Assets, LLC set forth in Paragraph 8.

5. False links that claim or appear to direct the user to the website of American Bullion, Inc., but actually direct the user to another website, including but not limited to Regal Asset, LLC's website or any website designed to re-direct viewers to Regal Asset, LLC's website.

6. Pictures of any individual who is not actually affiliated with the site and who actually provides the services or has the experience or qualification attributed to him or her.  (Stock photos may be used to the extent the website or other internet content does not indicate or imply that the person is a real person affiliated with or a customer of the website or other content.)

7. Statements/reviews or qualifications or experiences of any individual or purported individual where the statement/review was not actually made by

1     the individual indicated and/or such individual does not have the

2     qualification indicated and/or said individual did not undergo the experience

3     identified.

4    8.  For purposes of the clear and conspicuous disclosure required by Paragraphs

5     3 and 4, the required disclosure must state the following and have the

6     following characteristics:

7       a.  "The owners of this website may be paid to recommend Regal Assets.

8          The content on this website, including the positive review of Regal

9          Assets, the negative reviews of its competitors, and other information,

10         is not independent or neutral.  It may have been provided by Regal

11         Assets."

12      b.  This disclosure must be set at the top of each page of online content

13         (such that it is immediately visible when the site is first visited).

14      c.  This disclosure must be the larger of 14-point type or the surrounding

15         text.

16      d.  This disclosure must be contrasted with the existing background and

17         appear in bold and underlined text so as to contrast it with the

18         surrounding text so as to make it conspicuous.

19      e.  This disclosure must float, such that it remains visible at all times

20         regardless of scrolling or any other user initiated action.

21      f.  This disclosure must be capable of being viewed regardless of

22         whether a viewer is viewing the online content on their computer,

23         tablet, smartphone, or other device.

24

25

26

27

28