1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

AMERICAN BULLION, INC.,

11

Plaintiff,

12

v.

13

REGAL ASSETS, LLC; Tyler
Gallagher, an individual; Kelly Felix, an
14 individual; and Does 1-10, inclusive,

15

Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. CV14-01873-DDP(ASx)

Honorable Dean D. Pregerson

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER

---

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    1.     PURPOSES AND LIMITATIONS

2          Discovery in this action is likely to involve production of confidential,

3    proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation may

5    be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

6    enter the following Stipulated Protective Order.  The parties acknowledge that this

7    Order does not confer blanket protections on all disclosures or responses to

8    discovery and that the protection it affords from public disclosure and use extends

9    only to the limited information or items that are entitled to confidential treatment

10   under the applicable legal principles.  The parties further acknowledge, as set forth

11   in Section 12.3, below, that this Stipulated Protective Order does not entitle them

12   to file confidential information under seal; Civil Local Rule 79-5 sets forth the

13   procedures that must be followed and the standards that will be applied when a

14   party seeks permission from the court to file material under seal.

15   2.     GOOD CAUSE STATEMENT

16         This Action is likely to involve customer lists, customer information,

17   financial information and other valuable commercial, financial and/or proprietary

18   information for which special protection from public disclosure and from use for

19   any purpose other than prosecution of this Action is warranted.  Such confidential

20   and proprietary materials and information consist of, among other things,

21   confidential business or financial information (such as revenues, commissions,

22   profits and margins), information regarding confidential business practices, or

23   other confidential research, development, or commercial information (including

24   information implicating privacy rights of third parties such as addresses, phone

25   numbers, social security numbers and financial information), information

26   otherwise generally unavailable to the public, or which may be privileged or

27   otherwise protected from disclosure under state or federal statutes, court rules, case

28   decisions, or common law.  Disclosure of such confidential business or financial

1  information would harm the disclosing party because this information would have

2  economic value to the disclosing party's competitors by revealing business

3  methods, processes and financial information.  The public disclosure of private

4  third-party information would also harm those third-parties' privacy rights.

5  Accordingly, to expedite the flow of information, to facilitate the prompt resolution

6  of disputes over confidentiality of discovery materials, to adequately protect

7  information the parties are entitled to keep confidential, to ensure that the parties

8  are permitted reasonable necessary uses of such material in preparation for and in

9  the conduct of trial, to address their handling at the end of the litigation, and serve

10  the ends of justice, a protective order for such information is justified in this

11  matter.  It is the intent of the parties that information will not be designated as

12  confidential for tactical reasons and that nothing be so designated without a good

13  faith belief that it has been maintained in a confidential, non-public manner, and

14  there is good cause why it should not be part of the public record of this case.

15  2.     DEFINITIONS

16       2.1     Action: the pending related federal lawsuits entitled *American Bullion*

17  *Inc. v. Regal Assets, LLC, et al.*, CV 14-01873-DDP (ASx), *Swiss America Trading*

18  *Corporation v. Regal Assets, LLC, et al.*, CV 14-04960 DDP (ASx) and *Lear*

19  *Capital, Inc. v. Regal Assets, LLC, et al.*, CV 15-00869 JAK (SHx).

20       2.2     Challenging Party:  a Party or Non-Party that challenges the

21  designation of information or items under this Order.

22       2.3     "CONFIDENTIAL" Information or Items: information (regardless of

23  how it is generated, stored or maintained) or tangible things that qualify for

24  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

25  the Good Cause Statement.

26       2.4     Designating Party: a Party or Non-Party that designates information or

27  items that it produces in disclosures or in responses to discovery in the Action as

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

2   ONLY."

3        2.5    Disclosure or Discovery Material:  all items or information, regardless

4   of the medium or manner in which it is generated, stored, or maintained (including,

5   among other things, testimony, transcripts, and tangible things), that are produced

6   or generated in disclosures or responses to discovery in the Action.

7        2.6    Expert and/or Consultant:  a person with specialized knowledge or

8   experience in a matter pertinent to the litigation, along with his or her employees

9   and support personnel, who has been retained by a Party or its counsel to serve as

10  an expert witness or as a consultant in the Action, and who is not a past or current

11  employee of a Party, and who, at the time of retention, is not anticipated to become

12  an employee of a Party.  This definition includes a professional jury or trial

13  consultant retained in connection with the Action.

14       2.7    "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

15  Information or Items: extremely sensitive "Confidential Information or Items,"

16  disclosure of which to another Party or Non-Party would create a substantial risk of

17  serious harm that could not be avoided by less restrictive means.

18       2.8    House Counsel:  attorneys who are employees of a party to this

19  Action.  House Counsel does not include Outside Counsel of Record or any other

20  outside counsel.

21       2.9    Non-Party:  any natural person, partnership, corporation, association,

22  or other legal entity not named as a Party to the Action.

23       2.10   Outside Counsel of Record: attorneys who are not employees of a

24  party to the Action but are retained to represent or advise a party to the Action and

25  have appeared in the Action on behalf of that party or are affiliated with a law firm

26  which has appeared on behalf of that party, and includes support staff.

27

28

4

1      2.11   Party:  any party to the Action, including all of its officers, directors,

2   employees, consultants, retained experts, and Outside Counsel of Record (and their

3   support staffs).

4      2.12   Producing Party:  a Party or Non-Party that produces Disclosure or

5   Discovery Material in the Action.

6      2.13   Professional Vendors:  persons or entities that provide litigation

7   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

8   demonstrations, and organizing, storing, or retrieving data in any form or medium)

9   and their employees and subcontractors.

10      2.14   Protected Material: any Disclosure or Discovery Material that is

11   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

12   ATTORNEYS' EYES ONLY" in the Action.

13      2.15   Receiving Party:  a Party that receives Disclosure or Discovery

14   Material from a Producing Party in the Action.

15   3.   SCOPE

16      The protections conferred by this Stipulation and Order cover not only

17   Protected Material (as defined above), but also (1) any information copied or

18   extracted from Protected Material; (2) all copies, excerpts, summaries, or

19   compilations of Protected Material; and (3) any testimony, conversations, or

20   presentations by Parties or their Counsel that might reveal Protected Material.

21      Any use of Protected Material at trial shall be governed by the orders of the

22   trial judge.  This Order does not govern the use of Protected Material at trial.

23   4.   DURATION

24      Even after final disposition of this litigation, the confidentiality obligations

25   imposed by this Order shall remain in effect until a Designating Party agrees

26   otherwise in writing or a court order otherwise directs.  Final disposition shall be

27   deemed to be the later of (1) dismissal of all claims and defenses in this Action,

28   with or without prejudice; and (2) final judgment herein after the completion and

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

2  including the time limits for filing any motions or applications for extension of

3  time pursuant to applicable law.

4  5.      DESIGNATING PROTECTED MATERIAL

5          5.1      Exercise of Restraint and Care in Designating Material for Protection.

6  Each Party or Non-Party that designates information or items for protection under

7  this Order must take care to limit any such designation to specific material that

8  qualifies under the appropriate standards.  The Designating Party must designate

9  for protection only those parts of material, documents, items, or oral or written

10 communications that qualify so that other portions of the material, documents,

11 items, or communications for which protection is not warranted are not swept

12 unjustifiably within the ambit of this Order.

13         Mass, indiscriminate, or routinized designations are prohibited.

14 Designations that are shown to be clearly unjustified or that have been made for an

15 improper purpose (e.g., to unnecessarily encumber the case development process

16 or to impose unnecessary expenses and burdens on other parties) may expose the

17 Designating Party to sanctions.

18         If it comes to a Designating Party's attention that information or items that it

19 designated for protection do not qualify for protection, that Designating Party must

20 promptly notify all other Parties that it is withdrawing the inapplicable designation.

21         5.2      Manner and Timing of Designations.  Except as otherwise provided in

22 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

23 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

24 under this Order must be clearly so designated before the material is disclosed or

25 produced.

26         Designation in conformity with this Order requires:

27              (a)      for information in documentary form (e.g., paper or electronic

28 documents, but excluding transcripts of depositions or other pretrial or trial

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1  proceedings), that the Producing Party affix at a minimum, the legend

2  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

3  ONLY", to each page that contains protected material. If only a portion or

4  portions of the material on a page qualifies for protection, the Producing Party

5  also must clearly identify the protected portion(s) (e.g., by making appropriate

6  markings in the margins).

7  A Party or Non-Party that makes original documents available for inspection

8  need not designate them for protection until after the inspecting Party has indicated

9  which documents it would like copied and produced. During the inspection and

10  before the designation, all of the material made available for inspection shall be

11  deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the

12  inspecting Party has identified the documents it wants copied and produced, the

13  Producing Party must determine which documents, or portions thereof, qualify for

14  protection under this Order. Then, before producing the specified documents, the

15  Producing Party must affix the "CONFIDENTIAL" OR "HIGHLY

16  CONFIDENTIAL—ATTORNEYS' EYES ONLY legend to each page that

17  contains Protected Material. If only a portion or portions of the material on a page

18  qualifies for protection, the Producing Party also must clearly identify the

19  protected portion(s) (e.g., by making appropriate markings in the margins).

20  (b)  for testimony given in depositions that the Designating Party

21  identify the Disclosure or Discovery Material on the record, before the close of

22  the deposition all protected testimony. When it is impractical to identify

23  separately each portion of testimony that is entitled to protection, and when it

24  appears that substantial portions of the testimony may qualify for protection, the

25  Party or non-party that sponsors, offers, or gives the testimony may invoke on the

26  record (before the deposition is concluded) a right to have up to 20 days to

27  identify the specific portions of the testimony as to which protection is sought.

28  Only those portions of the testimony that are appropriately designated for

1  protection within the 20 days shall be covered by the provisions of this Stipulated

2  Protective Order.

3          (c)    for information produced in some form other than

4  documentary and for any other tangible items, that the Producing Party affix in a

5  prominent place on the exterior of the container or containers in which the

6  information is stored the legend "CONFIDENTIAL" or "HIGHLY

7  CONFIDENTIAL—ATTORNEYS' EYES ONLY."  If only a portion or portions

8  of the information warrants protection, the Producing Party, to the extent

9  practicable, shall identify the protected portion(s).

10       5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent

11  failure to designate qualified information or items does not, standing alone, waive

12  the Designating Party's right to secure protection under this Order for such

13  material.  Upon timely correction of a designation, the Receiving Party must make

14  reasonable efforts to assure that the material is treated in accordance with the

15  provisions of this Order.

16  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

17       6.1   Timing of Challenges.  Any Party or Non-Party may challenge a

18  designation of confidentiality at any time that is consistent with the Court's

19  Scheduling Order.

20       6.2   Meet and Confer.  The Challenging Party shall initiate the dispute

21  resolution process under Local Rule 37.1 et seq.

22       6.3   The burden of persuasion in any such challenge proceeding shall be

23  on the Designating Party.  Frivolous challenges, and those made for an improper

24  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

25  parties) may expose the Challenging Party to sanctions.  Unless the Designating

26  Party has waived or withdrawn the confidentiality designation, all parties shall

27  continue to afford the material in question the level of protection to which it is

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    entitled under the Producing Party's designation until the Court rules on the

2    challenge.

3    7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

4       7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that

5    is disclosed or produced by another Party or by a Non-Party in connection with this

6    Action only for prosecuting, defending, or attempting to settle this Action. Such

7    Protected Material may be disclosed only to the categories of persons and under

8    the conditions described in this Order. When the Action has been terminated, a

9    Receiving Party must comply with the provisions of section 13 below (FINAL

10   DISPOSITION).

11       Protected Material must be stored and maintained by a Receiving Party at a

12   location and in a secure manner that ensures that access is limited to the persons

13   authorized under this Order.

14       7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

15   otherwise ordered by the court or permitted in writing by the Designating Party, a

16   Receiving Party may disclose any information or item designated

17   "CONFIDENTIAL" only to:

18          (a)     the Receiving Party's Outside Counsel of Record in this

19    Action, as well as employees of said Outside Counsel of Record to whom it is

20    reasonably necessary to disclose the information for this Action;

21          (b)     the officers, directors, and employees (including House

22    Counsel) of a Party to this Action to whom disclosure is reasonably necessary for

23    this Action;

24          (c)     Experts and/or Consultants (as defined in this Order) to whom

25    disclosure is reasonably necessary for this Action and who have signed the

26    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27          (d)     the court and its personnel;

28          (e)     court reporters and their staff;

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1            (f)     professional jury or trial consultants, mock jurors, and

2  Professional Vendors to whom disclosure is reasonably necessary for this Action

3  and who have signed the "Acknowledgment and Agreement to Be Bound"

4  (Exhibit A);

5            (g)     the author or recipient of a document containing the

6  information or a custodian or other person who otherwise possessed or knew the

7  information;

8            (h)     during their depositions, witnesses, and attorneys for

9  witnesses, in the Action to whom disclosure is reasonably necessary provided:

10  (1) the deposing party requests that the witness sign the form attached as

11  Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential

12  information unless they sign the "Acknowledgment and Agreement to Be Bound"

13  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

14  court. Pages of transcribed deposition testimony or exhibits to depositions that

15  reveal Protected Material may be separately bound by the court reporter and may

16  not be disclosed to anyone except as permitted under this Stipulated Protective

17  Order;

18            (i)     any mediator or settlement officer, and their supporting

19  personnel, mutually agreed upon by any of the parties engaged in settlement

20  discussions; and

21            (j)     such other persons as are designated by written agreement

22  between the parties or by Court order.

23      7.3    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

24  ONLY" Information or Items. Unless otherwise ordered by the Court or permitted

25  in writing by the Designating Party, a Receiving Party may disclose any

26  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

27  EYES ONLY" only to:

28

10

[PROPOSED] STIPULATED PROTECTIVE ORDER

1         (a)    the Receiving Party's Outside Counsel of Record in this

2  Action, as well as employees of said Outside Counsel of Record to whom it is

3  reasonably necessary to disclose the information for this litigation;

4         (b)    Experts and/or Consultants (as defined in this Order) to whom

5  disclosure is reasonably necessary for this Action and who have signed the

6  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7         (c)    the court and its personnel;

8         (d)    court reporters and their staff, professional jury or trial

9  consultants, and Professional Vendors to whom disclosure is reasonably

10  necessary for this litigation and who have signed the "Acknowledgment and

11  Agreement to Be Bound" (Exhibit A);

12         (e)    the author or recipient of a document containing the

13  information or a custodian or other person who otherwise possessed or knew the

14  information; and

15         (f)    such other persons as are designated by written agreement

16  between the parties or by Court order.

17  8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

18  IN OTHER LITIGATION

19       If a Party is served with a subpoena or a court order issued in other litigation

20  that compels disclosure of any information or items designated in this Action as

21  "CONFIDENTIAL or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

22  ONLY," that Party must:

23         (a)    promptly notify in writing the Designating Party. Such

24  notification shall include a copy of the subpoena or court order;

25         (b)    promptly notify in writing the party who caused the subpoena

26  or order to issue in the other litigation that some or all of the material covered by

27  the subpoena or order is subject to this Protective Order. Such notification shall

28  include a copy of this Stipulated Protective Order; and

1           (c)    cooperate with respect to all reasonable procedures sought to

2    be pursued by the Designating Party whose Protected Material may be affected.

3          If the Designating Party timely seeks a protective order, the Party served

4    with the subpoena or court order shall not produce any information designated in

5    this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

6    ATTORNEYS' EYES ONLY" before a determination by the court from which the

7    subpoena or order issued, unless the Party has obtained the Designating Party's

8    permission.  The Designating Party shall bear the burden and expense of seeking

9    protection in that court of its confidential material and nothing in these provisions

10   should be construed as authorizing or encouraging a Receiving Party in this Action

11   to disobey a lawful directive from another court.

12   9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

13   PRODUCED IN THIS LITIGATION

14          (a)    The terms of this Order are applicable to information

15   produced by a Non-Party in this Action and designated as "CONFIDENTIAL or

16   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  Such

17   information produced by Non-Parties in connection with this litigation is

18   protected by the remedies and relief provided by this Order.  Nothing in these

19   provisions should be construed as prohibiting a Non-Party from seeking

20   additional protections.

21          (b)    In the event that a Party is required, by a valid discovery

22   request, to produce a Non-Party's confidential information in its possession, and

23   the Party is subject to an agreement with the Non-Party not to produce the Non-

24   Party's confidential information, then the Party shall:

25            (1)    promptly notify in writing the Requesting Party and the

26   Non-Party that some or all of the information requested is subject to a

27   confidentiality agreement with a Non-Party;

28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    (2)    promptly provide the Non-Party with a copy of the

2  Stipulated Protective Order in this Action, the relevant discovery request(s), and a

3  reasonably specific description of the information requested; and

4    (3)    make the information requested available for inspection

5  by the Non-Party, if requested.

6    (c)    If the Non-Party fails to seek a protective order from this

7  court within 14 days of receiving the notice and accompanying information, the

8  Receiving Party may produce the Non-Party's confidential information

9  responsive to the discovery request.  If the Non-Party timely seeks a protective

10  order, the Receiving Party shall not produce any information in its possession or

11  control that is subject to the confidentiality agreement with the Non-Party before

12  a determination by the court.  Absent a court order to the contrary, the Non-Party

13  shall bear the burden and expense of seeking protection in this court of its

14  Protected Material.

15  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16    If a Receiving Party learns that, by inadvertence or otherwise, it has

17  disclosed Protected Material to any person or in any circumstance not authorized

18  under this Stipulated Protective Order, the Receiving Party must immediately

19  (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

20  its best efforts to retrieve all unauthorized copies of the Protected Material,

21  (c) inform the person or persons to whom unauthorized disclosures were made of

22  all the terms of this Order, and (d) request such person or persons to execute the

23  "Acknowledgment and Agreement to Be Bound" that is attached hereto as

24  Exhibit A.

25  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

26  PROTECTED MATERIAL

27    When a Producing Party gives notice to Receiving Parties that certain

28  inadvertently produced material is subject to a claim of privilege or other

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   protection, the obligations of the Receiving Parties are those set forth in Federal

2   Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

3   whatever procedure may be established in an e-discovery order that provides for

4   production without prior privilege review.  Pursuant to Federal Rule of Evidence

5   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

6   of a communication or information covered by the attorney-client privilege or

7   work product protection, the parties may incorporate their agreement in the

8   stipulated protective order submitted to the court.

9   12.   MISCELLANEOUS

10         12.1   Right to Further Relief.  Nothing in this Order abridges the right of

11   any person to seek its modification by the Court in the future.

12         12.2   Right to Assert Other Objections.  By stipulating to the entry of this

13   Protective Order no Party waives any right it otherwise would have to object to

14   disclosing or producing any information or item on any ground not addressed in

15   this Stipulated Protective Order.  Similarly, no Party waives any right to object on

16   any ground to use in evidence of any of the material covered by this Protective

17   Order.

18         12.3   Filing Protected Material.  A Party that seeks to file under seal any

19   Protected Material must comply with Civil Local Rule 79-5.  Protected Material

20   may only be filed under seal pursuant to a court order authorizing the sealing of the

21   specific Protected Material at issue.  If a Party's request to file Protected Material

22   under seal is denied by the court, then the Receiving Party may file the information

23   in the public record unless otherwise instructed by the court.

24   13.   FINAL DISPOSITION.

25         Unless otherwise ordered or agreed in writing by the Producing Party, after

26   the final disposition of this Action, as defined in paragraph 4, within 60 days of a

27   written request by the Designating Party, each Receiving Party must return all

28   Protected Material to the Producing Party or destroy such material.  As used in this

1  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

2  summaries, and any other format reproducing or capturing any of the Protected

3  Material.  Whether the Protected Material is returned or destroyed, the Receiving

4  Party must submit a written certification to the Producing Party (and, if not the

5  same person or entity, to the Designating Party) by the 60 day deadline that

6  (1) identifies (by category, where appropriate) all the Protected Material that was

7  returned or destroyed and (2) affirms that the Receiving Party has not retained any

8  copies, abstracts, compilations, summaries or any other format reproducing or

9  capturing any of the Protected Material.  Notwithstanding this provision, Counsel

10  are entitled to retain an archival copy of all pleadings, motion papers, trial,

11  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

12  and trial exhibits, expert reports, attorney work product, and consultant and expert

13  work product, even if such materials contain Protected Material.  Any such

14  archival copies that contain or constitute Protected Material remain subject to this

15  Protective Order as set forth in Section 4 (DURATION).

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 17, 2015                WINSTON & STRAWN LLP
By: /s/ Saul Rostamian
      SAUL ROSTAMIAN
Attorneys for Defendants Regal Assets, LLC, Tyler Gallagher and Kelly Felix

DATED: March 17, 2015                MITCHELL SILBERBERG & KNUPP LLP
By: /s/ Aaron M. Wais
      AARON M. WAIS
Attorneys for Plaintiff American Bullion, Inc.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED   March 20, 2015

/ s /
Honorable Alka Sagar
United States Magistrate Judge

16

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1                                    EXHIBIT A

2              ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3          I, _____ [print or type full name], of

4      _____ [print or type full address],

5    declare under penalty of perjury that I have read in its entirety and understand the

6    Stipulated Protective Order that was issued by the United States District Court for

7    the Central District of California on [date] in the case of *American Bullion, Inc. v.*

8    *Regal Assets, LLC et al.,* Case No. CV14-01873-DDP(ASx).  I agree to comply

9    with and to be bound by all the terms of this Stipulated Protective Order and I

10   understand and acknowledge that failure to so comply could expose me to

11   sanctions and punishment in the nature of contempt.  I solemnly promise that I will

12   not disclose in any manner any information or item that is subject to this Stipulated

13   Protective Order to any person or entity except in strict compliance with the

14   provisions of this Order.

15          I further agree to submit to the jurisdiction of the United States District

16   Court for the Central District of California for the purpose of enforcing the terms

17   of this Stipulated Protective Order, even if such enforcement proceedings occur

18   after termination of this action.  I hereby appoint _____ [print

19   or type full name] of _____ [print or

20   type full address and telephone number] as my California agent for service of

21   process in connection with this action or any proceedings related to enforcement of

22   this Stipulated Protective Order.

23   Date:  _____

24   City and State where sworn and signed:  _____

25

26   Printed Name   _____

27   Signature   _____

28

                                        17
                   [PROPOSED] STIPULATED PROTECTIVE ORDER